### VOSE v. ROEBUCK WEATHER STRIP & WIRE SCREEN CO.
(District Court, E. D. New York. January 8, 1914.)

Courts (§ 262*)—Jurisdiction of Federal Courts—Joinder of Causes of Action.

Under Equity Rule 26 (198 Fed. xxv, 115 C. C. A. xxv), authorizing a joinder of causes of action, a suit of which a federal court has jurisdiction because of the nature of the cause of action cannot be used as a means for bringing within its jurisdiction a different cause of action between the same parties, over which the court would have jurisdiction only on the ground of diversity of citizenship which does not exist.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 797, 798; Dec. Dig. § 262.*]

In Equity. Suit by Mary E. Vose against the Roebuck Weather Strip & Wire Screen Company. On motion to strike out testimony and to dismiss certain causes of action. Sustained in part.

H. B. Philbrook, of New York City, for plaintiff.
Walter H. Dodd, of New York City, for defendant.

CHATFIELD, District Judge (orally). Without repeating any discussion or statements that were made at the beginning of the case, I will decide first, that under rule 26 (198 Fed. xxv, 115 C. C. A. xxv) a suit of which the court would have jurisdiction because of the nature of the cause of action cannot be used as the means to bring into the equitable jurisdiction of this court a cause of action between the parties over which the court could not have jurisdiction unless diverse citizenship of the parties gave the United States Courts generally jurisdiction over the case.

If diversity of citizenship exists, the choice of the district in which the action should be tried might be waived, and so a cause of action between diverse citizens might be united with a patent suit between the parties or as to the same transaction as in the patent case. But in such a case as the one at bar the choice of forum in which the action is to be tried has not been waived. The objection as to jurisdiction is made upon the ground that the cause of action is not one over which this court has jurisdiction, and therefore not an objection that could be waived.

I will hold that the defendant's motion as to everything except the charge of infringement of patents No. 752,729 and No. 717,641 must be granted. All other causes of action, or alleged causes of action, and the portions of the complaint setting them up, must be stricken out of the pleadings of the case.

In so far as the trial of the issue of infringement may raise questions as to contract relations of the parties, the record will be allowed to stand as it is, and the motions to strike out the testimony will be denied (any objection to the introduction of testimony as irrelevant to the patent issue being overruled), and the plaintiff may have exceptions to that.

As to the question of infringement there are two matters: First, as to the present ownership or right to the patents; and, second, as to whether the plaintiff has ratified or acted upon an assignment which was made by a person assuming to be a principal, but who, if the matter had been already assigned, could only have acted as agent or attorney. As to those two questions I will reserve decision.