## W. S. TYLER CO. v. LUDLOW-SAYLOR WIRE CO.

(Circuit Court of Appeals, Second Circuit. March 14, 1914.)

COURTS (§ 385*)—INFRINGEMENT—UNFAIR COMPETITION.

Where, in a suit for infringement of a trade-mark and for unlawful competition, the court sustained pleas to the jurisdiction as to the causes based on trade-mark and unfair competition, but allowed a replication to the plea as to the cause of action for infringement, as was authorized by old equity rule 33, then in force, the court was then au-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

thorized to try the issue on the plea and dismiss the bill by new equity rule 29 (198 Fed. xxvi, 15 C. C. A. xxvi), which decree was appealable to the Supreme Court, as provided by Judicial Code (Act March 3, 1911, c. 231, §§ 128, 238, 36 Stat. 1133, 1157 [U. S. Comp. St. Supp. 1911, pp. 193, 228]), and not to the Circuit Court of Appeals.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 1022–1025, 1031; Dec. Dig. § 385.*

Unfair competition, see notes to Scheuer v. Muller, 20 C. C. A. 165; Lare v. Harper & Bros., 30 C. C. A. 376.]

Appeal from the District Court of the United States for the Southern District of New York; Julius M. Mayer, Judge.

Suit by the W. S. Tyler Company against the Ludlow-Saylor Wire Company. Judgment for defendant, dismissing the bill, and complainant appeals. Dismissed.

James Negley Cooke, of Pittsburgh, Pa., and D. Anthony Usina and C. C. Linthicum, both of New York City, for appellant.

Augustus N. Hand, of New York City, and James P. Dawson, for appellee.

Before COXE, WARD, and ROGERS, Circuit Judges.

PER CURIAM. The District Court sustained the pleas to the jurisdiction as to the causes of action based on trade-mark and unfair competition, but allowed a replication to be filed to the plea in respect to the cause of action on infringement. This was the proper practice under old rule in equity 33, then in force. The issue on the plea was tried, and the court sustained the plea and dismissed the bill. This is the proper practice under new rule 29 (198 Fed. xxvi, 115 C. C. A. xxvi). From that decree an appeal was taken to this court, but it should have been taken to the Supreme Court. See sections 128 and 238 of the Judicial Code. Mechanical Appliance Co. v. Castleman, 215 U. S. 437, 30 Sup. Ct. 125, 54 L. Ed. 272; Herndon Co. v. Norris & Co., 224 U. S. 496, 32 Sup. Ct. 550, 56 L. Ed. 857.

The appeal is dismissed.