# WEST INDIA & PANAMA TELEGRAPH COMPANY, LTD., ET AL.

*v.*

# JOSÉ E. BENEDICTO ET AL.

---

San Juan, Equity, No. 1009.

MISJOINDER OF PLAINTIFFS, ETC.

Equity Pleadings—Joint Interests.

1. Two cable corporations, affected by one order for the reduction of rates, may join in a suit to enjoin the board making the order.

Federal Court—Jurisdiction—Local Law.

2. The laws of a territory are not those of the United States for the purpose of jurisdiction of Federal courts; but a bill may be maintained if the local law violates the Organic Act or the Federal Constitution.

West India & P. Teleg. Co. v. Benedicto.

Same—Diversity of Citizenship.

    3. In the case of constitutional objections, diversity of citizenship or domicil is not material to the jurisdiction of the court.

Jurisdiction—Protection of Public Interests.

    4. Where the board ordering the reduction of rates prefers to appeal its case upon the question of jurisdiction, the court will permit the public using the cables to intervene pro interesse suo in the matter of rates.

Opinion filed June 20, 1918.

*Messrs. F. H. Dexter* and *J. B. Huyke* for plaintiffs.

*Mr. H. L. Kern,* Attorney General, for defendants.

HAMILTON, Judge, delivered the following opinion:

The bill in this cause was filed April 9, 1918, and has never come to a hearing on the merits. The defendants first appeared specially in a motion to dismiss, which was denied, and a restraining order was issued on bonds to be given by the plaintiffs for the benefit not only of the defendants, but of whoever might be concerned. Subsequently, special appearance was again made for the hearing of the preliminary injunction before three judges; this also was denied. At the present term, special appearance was made for the purpose of a motion for misjoinder and to quash summons. Briefs have been filed, and this matter, and also the application for preliminary injunction, now come up for decision.

1. The first point raised is that the interest of the two plaintiffs are not joint. Equity rule 26 provides that the causes of action of different plaintiffs must be joint. The principle seems

to be that "sufficient grounds must appear for uniting the causes of action in order to promote the convenient administration of justice. If it appear that any such causes of action cannot be conveniently disposed of together, the court may order separate trials." [226 U. S. 8, appx. 57 L. ed. 1639, 33 Sup. Ct. Rep. XXV.] Equity rule 37 further provides that "all persons having an interest in the subject of the action and in obtaining the relief demanded may join as plaintiffs, and any person may be made a defendant who has or claims an interest adverse to the plaintiff." The new rules are designed to simplify the administration of cases in equity, and much must be left to the discretion of the trial court. In the case at bar the two plaintiffs are affected by one order, which has been made by the defendants. Their franchises are different, but their franchises are not the matter in dispute. Their interest in resisting the 40 per cent reduction of rates is identical, and that is the issue in the case. If it should appear that the two matters can be handled better separately, that course will be taken; but in the meantime it would seem there is no need for two sets of pleadings, two sets of depositions or other evidence, and two sets of orders of court.

2. It is contended that the Federal court has no jurisdiction to decide whether local legislation conflicts with the provisions of the Organic Act of Porto Rico. It has been decided that the Federal court cannot test the validity of state legislation under the state Constitution. Jackson v. Cravens, 235 Fed. 212; Louisville & N. R. Co. v. Garrett, 231 U. S. 298, 58 L. ed. 229, 34 Sup. Ct. Rep. 48. The laws of a territory are not, as such, laws of the United States. Ex parte Moran, 75 C. C. A. 396, 144 Fed. 594, 603; Tennessee v. Union & Planters'

Bank, 152 U. S. 454, 462, 38 L. ed. 511, 514, 14 Sup. Ct. Rep. 654; Snow v. United States, 118 U. S. 346, 30 L. ed. 207, 6 Sup. Ct. Rep. 1059. While the laws of a territory are necessarily limited by laws of the United States which create the territory, the laws of a territory are not, as such, laws of the United States. As observed by Mr. Justice Holmes, any other rule would be indefinitely widening the jurisdiction of Federal courts. American Secur. & T. Co. v. District of Columbia, 224 U. S. 491, 56 L. ed. 856, 32 Sup. Ct. Rep. 553.

If this case rested upon violation of a local statute alone, it might, therefore, be that this court would have no jurisdiction. The bill as framed, however, goes much further than this, and alleges violation of the Organic Act itself, as well as of the Constitution of the United States. If there is merit in the contention, further allegations might be regarded as surplusage, and at all events would not necessitate the dismissal of the whole bill.

3. It is alleged further that the court might have jurisdiction of one complaint, and not of the other, in that in the one case the jurisdiction depends upon diversity of citizenship, and in the other upon the nature of the cause of action. Vose v. Roebuck Weather Strip & W. Screen Co. 210 Fed. 687. It does not appear, however, that such is the case. If there has been taking of property without due process of law, or if there are other constitutional objections to the act of the Public Service Commission, the jurisdiction of court would hold regardless of citizenship.

It follows that the motion to dismiss and quash must be denied.

4. Defendants, having appeared specially, have not consid-

West India & P. Teleg. Co. v. Benedicto.

ered it proper to offer evidence in opposition to the plaintiff's motion for preliminary injunction, which is based upon the sworn complaint, nor have defendants filed an answer. Defendants seem to prefer to rest their case upon the question of jurisdiction and, so far as this court is concerned, to let the case stand or fall with that contention. This the defendants have a perfect right to do. It is not a satisfactory condition, however, from other than technical points of view. The bill showing a prima facie cause of action, the result would appear almost necessarily to be a grant of a preliminary injunction. Indeed, the restraining order under bond amounts practically to the same thing.

The defendants, the Public Service Commission, however, have no personal interest in the result. So far as appears, they do not use the cable companies and are not prejudiced by the rate charged for messages. On the other hand, the public is very much interested, and the court is not willing to proceed without hearing from the parties really in interest if these parties wish to be heard. It would seem, therefore, that the proper course will be to grant the motion for preliminary injunction, so that the defendants may take such steps in the way of review in the upper court as they may be advised, but to couple with it the provision that the court is open to application, by petition or otherwise, of any person who is financially interested in the question of rates of the companies or either of them, and who may choose to intervene pro interesse suo. This will give an opportunity to the parties really in interest to present whatever evidence may be proper as to the rates, without waiting for the technical question as to jurisdiction over the defendants of record to be settled. Thirty days will be allowed for such intervention, and the clerk is instructed to

West India & P. Teleg. Co. v. Benedicto.

give public notice thereof by publication or otherwise. New Equity Rule 37 provides that "anyone claiming an interest in the litigation may at any time be permitted to assert his right by intervention, but the intervention shall be in subordination to, and in recognition of, the propriety of the main proceeding." In this regard the question of citizenship may not be material. The matter being before the court already for disposition, whoever are interested may be heard. Thus, it has been held that, where a trust fund is in court, its distribution will be made regardless of citizenship or residence of the parties in interest. White v. Ewing, 159 U. S. 36, 40 L. ed. 67, 15 Sup. Ct. Rep. 1018.

The interest of the public as paying for messages has already been recognized in the form of the bonds required for the restraining order. Bonds similar in form will be required for the injunction pendente lite.

It is so ordered.