## GENERAL BAKING CO. v. SHULTS BREAD CO.

(District Court, E. D. New York. April 10, 1923.)

1. Courts ⬸489(4)—Federal District Court has no jurisdiction of action for unfair competition or infringement of a common-law trade-mark.

Though a federal District Court has jurisdiction of an action based on an infringement of a registered trade-mark, it has none of causes of action based on infringement of common-law trade-marks or unfair competition arising out of the adoption by defendant of a wrapper deceptively imitating a form of wrapper used by plaintiff, where there is no diversity of citizenship.

2. Equity ⬸264, 362—Improper causes of action stricken out, instead of dismissal of bill.

Where a bill states several causes of action, and the court has jurisdiction of only one of them, the causes of action over which the court has no jurisdiction will be stricken out, and the bill will not be dismissed.

⬸For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

3. **Trade-marks and trade-names and unfair competition ☜60—Bill for Infringement of registered trade-mark dismissed.**

A bill alleging that plaintiff had a registered trade-mark, "Bond" or "Bond Bread," and used in connection therewith, on a bread wrapper, a document representing a bond, and that the defendant used the word "Certified" on a bread wrapper, suggesting a similar document, such as a certificate or bond, *held* not to state a cause of action for infringement of a registered. trade-mark.

In Equity. Bill by the General Baking Company against the Shults Bread Company. Bill dismissed.

Duell, Warfield & Duell, of New York City, for plaintiff.

Chamberlin, Kafer & Wilds, of New York City (Ralph S. Kent, of Buffalo, N. Y., of counsel), for defendant.

GARVIN, District Judge. This is a motion by defendant to dismiss the action upon the following grounds:

I. That the bill fails to state explicitly and in a plain statement the grounds upon which the court's jurisdiction depends.

II. That there is insufficiency of fact on the face of the bill to constitute a valid cause of action in equity against the defendant.

III. That it appears on the face of the bill that two or more causes of action are joined in the same bill, over some of which this court has no jurisdiction.

The bill of complaint alleges that plaintiff and defendant are corporations organized and existing under the laws of the state of New York; that plaintiff, which is and has been engaged in the business of baking and selling bread, since on or about July 10, 1915, has continuously identified its bread by trade-marks and distinguishing features, including the name "Bond," and a border design suggesting in appearance a bond or certificate, including wording, the phraseology and arrangement of which suggest a bond or certificate; that since 1916 plaintiff has used a red seal in connection with the various methods employed in advertising its bread.

Since October 3, 1922, plaintiff has identified certain smaller loaves of its bread by using the name "Certified Bread" upon its wrapper and by employing a form of design which suggests a bond or certificate, and a form of wording which by its phraseology and arrangement suggests a bond or certificate, and has caused its bread to be sold in interstate commerce under the name "Certified Bread" in its said wrapper; that by this means plaintiff has acquainted the bread-buying public with plaintiff's said trade-marks and features as the identifying marks of plaintiff's bread, and intends to continue so to do; that thereby the public has come to recognize and identify plaintiff's bread by these trade-marks and features, and generally by the association with bread of any words or symbols which suggest a formal document in the nature of a bond or certificate.; that because of the excellence of plaintiff's bread, the high standards of plaintiff's business conduct, and the expenditure of a large sum of money in advertising, the bread so labeled and marked had become widely known as

a reliable high-class product, and now commands a sale of 200,000,000 loaves a year, requiring 25 plants, many thousands of employees, and an investment of many millions of dollars, in all of which plaintiff's greatest asset is the exclusive right to use said trade-marks and distinguishing features.

Plaintiff registered the word "Bond," its trade-mark for bread, on April 18, 1916, and then and at all times since has had the sole right to use these trade-marks, in connection with the sale of bread or similar products, both in the form used by plaintiff and in all other forms so closely resembling any of them as to be calculated to deceive the purchaser. Subsequent to plaintiff's adoption of these trade-marks, features, and wrappers, and to the recognition thereof by the public and on or about October 16, 1922, defendant began to infringe these trade-marks, and to compete unfairly with plaintiff, by using in the sale of its bread the word "Certified" and a design representing a certificate closely resembling plaintiff's designs, and carrying the suggestion of a formal document, such as a bond or certificate, which plaintiff used as its trade-mark, and copying the mark "Certified" theretofore used by plaintiff; that defendant has actually caused its bread to be sold and offered for sale as plaintiff's bread and has unfairly competed with plaintiff; that defendant has acted with full knowledge of plaintiff's rights, and with the intention and result of deceiving purchasers of plaintiff's bread, whereby plaintiff has been deprived of sales and the profits accruing therefrom which plaintiff would otherwise have received, and that defendant threatens and intends to continue this course of conduct as a result of which plaintiff will be irreparably injured; that plaintiff has given defendant due notice of its rights, but defendant has disregarded the same.

Considering the three grounds of the motion: First. Inasmuch as, after the motion was argued and briefs submitted, defendant conceded that this ground of the motion to dismiss could be overcome by an amendment, no decision is necessary, particularly in view of the conclusions hereinafter set forth.

Considering next in order the third ground of the motion to dismiss: Defendant contends that a fair reading of the bill discloses that it contains (1) a cause of action based upon the infringement of a registered trade-mark, in that the word "Certified" infringes upon the word "Bond"; (2) a cause of action based upon the infringement of a common-law trade-mark in connection with the use by defendant of the word "Certified," after it had been adopted and used by plaintiff; (3) a cause of action based upon unfair competition, arising out of the adoption by defendant of a wrapper deceptively imitating a form of wrapper used by plaintiff.

[1-3] This contention appears to the court to be justified. The cause of action based upon the infringement of a registered trademark is one over which the court has jurisdiction; it has none over the other causes of action, there being no diversity of citizenship. The defendant suggests that a dismissal of the bill must follow. The courts have held, either that those causes of action must be stricken out of the bill of complaint (Vose v. Roebuck Weatherstrip & Wire Screen

Co. [D. C.] 210 Fed. 687; Planten v. Gedney, 224 Fed. 382, 140 C. C. A. 68), or that the bill must be dismissed (W. S. Tyler Co. v. Ludlow-Saylor Wire Co., 212 Fed. 156, 129 C. C. A. 12). I am inclined to the view that the weight of authority requires that the causes of action over which the court has no jurisdiction be stricken out, rather than that the bill be dismissed.

Whichever may be the correct view is immaterial, however, in view of the determination of the question raised by the second ground of the motion for dismissal. Plaintiff has a registered trade-mark, "Bond," or "Bond Bread," and contends that defendant's use of the word "Certified" on a bread wrapper infringes, because of the suggestion therein of a formal document, such as a bond or certificate. There is no claim that there is similarity in appearance or sound between the two words. I am of the opinion that a right to embrace all legal documents does not arise by the adoption and registration of "Bond" as a trade-mark. It has often been said that there is no hard and fast rule by which all trade-mark actions can be determined, but rather that each case must be decided upon its own facts. It does not seem to me that the public could be deceived by the use of "Certified," and that it would believe that in a purchase of bread marked "Certified" it was buying "Bond" bread, plaintiff's product. That is the true test.

The bill must be dismissed.