## BEADLESTON & WOERZ v. EMPIRE CITY BREWING CO., Inc.

No. 7364.

District Court, E. D. New York.

Oct. 11, 1934.

Guggenheimer & Untermyer, of New York City (Milton E. Mermelstein, of New York City, of counsel), for plaintiff.

Morris M. Marcus, of New York City, for defendant.

BYERS, District Judge.

This is a motion for an injunction pendente lite sought by the plaintiff in an action in which the bill of complaint alleges infringement of the plaintiff's trade-mark, and unfair competition on the part of the defendant. There is no separate cause of action pleaded as for unfair competition, nor could there be because there is no diversity of citizenship; consequently the court would have no jurisdiction in such a cause. General Baking Co. v. Shults Bread Co. (D. C.) 288 F. 954.

The plaintiff's trade-mark has been registered in the United States Patent Office, and consists of the words "Empire Brewery" appearing in the upper semicircle of the space between two concentric circles, the inner of which contains apparently a reproduction of the coat of arms of the state of New York; in the lower portion of the space between the concentric circles are the words "New York, U. S. A."

This trade-mark appears on a bottle label for Imperial beer of which the plaintiff corporation is a distributor.

The defendant's trade-mark, also registered in the United States Patent Office, consists in a pictorial representation of the head and shoulders of a friar or monk holding a stein or mug of beer; above the picture are the words "Empire City Beer." The registration of the defendant's trade-mark contains the following sentence in the statement: "No claim is made to words 'Empire City Beer' no common law rights being hereby disclaimed."

■■ The narrow issue apparently is whether the words "Empire Brewery" are infringed by the words "Empire City Beer." The court has jurisdiction of the cause so far as trade-mark infringement may be involved,

but the determination of the issue can conveniently await the taking of testimony.

There is no similarity in the presentation of the two trade-marks, and it appears from the motion papers that the identification by the public of the plaintiff's Imperial beer (which is made for it by another concern) as the beer which it brewed at its Empire brewery prior to 1920, may be a sharply contested issue on the trial; in other words, the secondary meaning that the plaintiff asserts with reference to its Imperial beer cannot be said to have been demonstrated to such an extent as would justify the granting of the motion. The cause can be reached for trial within a few months—probably not more than three—and therefore, as a matter of discretion, the motion will be denied.

Settle order.