but the determination of the issue can conveniently await the taking of testimony.

There is no similarity in the presentation of the two trade-marks, and it appears from the motion papers that the identification by the public of the plaintiff's Imperial beer (which is made for it by another concern) as the beer which it brewed at its Empire brewery prior to 1920, may be a sharply contested issue on the trial; in other words, the secondary meaning that the plaintiff asserts with reference to its Imperial beer cannot be said to have been demonstrated to such an extent as would justify the granting of the motion. The cause can be reached for trial within a few months—probably not more than three—and therefore, as a matter of discretion, the motion will be denied.

Settle order.

The plaintiff Long Island Nu Enamel Company, Inc., is a New York corporation and there is no allegation in the bill that the defendants are residents of any other state; hence diversity of citizenship is not alleged, and cannot be conjectured.

This Court has no jurisdiction of an unfair competition case, where diversity is not shown. General Baking Co. v. Shults Bread Co. (D. C.) 288 F. 954.

As to the other plaintiff Eastern Nu Enamel Company, Inc., the bill alleges that it is a Pennsylvania corporation, but there is no sufficient showing of unfair competition with it, on the part of the defendants, to justify granting an injunction pending final hearing.

Motion denied. Settle order.

## LONG ISLAND NU ENAMEL CO., Inc., et al. v. NEUSTEIN et al.
### No. 7377.

District Court, E. D. New York.

Oct. 17, 1934.

Sapinsley & Lukas, of New York City (Edwin J. Lukas, of New York City, of counsel), for plaintiffs.

Irving D. Neustein, of New York City (David Berman, of New York City, of counsel), for defendants.

BYERS, District Judge.

Motion for an injunction pendente lite in an unfair competition case.

## In re RACKI.
### No. 22133.

District Court, W. D. New York.

Sept. 19, 1934.

Leonard R. Lipowicz, of Buffalo, N. Y., for bankrupt.

Stanley & Gidley, of Buffalo, N. Y., for judgment creditor.

KNIGHT, District Judge.

Orders were heretofore granted restraining two creditors, the Buffalo City Court marshals and the sheriff of Erie county, from proceeding to enforce the collection of two judgments under garnishee executions. Ap-