## BENNETT v. CARR.

### (Circuit Court of Appeals, Second Circuit. July 18, 1899.)

### No. 131.

1. COPYRIGHT—ACTION TO RECOVER PENALTIES FOR INFRINGEMENT—CONSTRUCTION OF STATUTE.

A compliance by the plaintiff with all the requirements of the statute to secure a valid copyright is a condition precedent to the recovery of the penalties imposed by such statute for infringement; and in an action for the recovery of penalties, which may be incurred unintentionally, and are often greatly in excess of the injury done, such requirements will be strictly construed.

2. SAME—REQUISITE OF COPYRIGHT—DESCRIPTION OF PAINTING.

Under Rev. St. § 4956, which provides that no person shall be entitled to a copyright unless, in case of a painting, he shall file with the librarian of congress, or deposit in the mail, addressed to the librarian, a description of the painting, "nor unless he shall also" file or deposit a photograph of the same, such photograph cannot constitute the description of a painting, which is required in addition thereto, and is required to be recorded; nor will "Four-in-Hand," given as the name of a painting, constitute a sufficient description to entitle the painter to recover the statutory penalties for infringement by printing a copy of the painting, made from a similar photograph, in a newspaper.

In Error to the Circuit Court of the United States for the Southern District of New York.

A. L. Gurlitz, for plaintiff in error.
John S. Wise, for defendant in error.

Before WALLACE and SHIPMAN, Circuit Judges, and THOMAS, District Judge.

THOMAS, District Judge. The defendant in error recovered a judgment against the plaintiff in error for infringement of the statutes relating to copyrights. Carr, the plaintiff below, in 1895 painted in water colors a picture of a coach and four horses, with a background of scenery, which he named "Four-in-Hand." Within the time required by the statute the plaintiff mailed to the librarian of

congress the title of the painting, with two photographs thereof, upon which was inscribed, "Copyright, 1895, by Lyell Carr." The librarian received and filed the same in his office on the 23d day of September, 1895. The maintenance of this action is dependent upon such mailing and such record. A photograph printed from the same negative as those mailed to the librarian was given by Carr to a friend, who loaned the same to an agent of the defendant, in September, 1897, and by its use the defendant printed, in black and white, in his paper, the New York Herald, a picture which is alleged to be an infringement of the copyright. The photograph was diminutive relatively to the size of the painting, and was so framed as to conceal the statement of the copyright. For this infringement the jury awarded a verdict of $10,000. The statute (Rev. St. § 4956) provides:

"No person shall be entitled to a copyright unless he shall, on or before the day of publication, in this or any foreign country, deliver at the office of the librarian of congress, or deposit within the mail within the United States, addressed to the librarian of congress, at Washington, District of Columbia, a printed copy of the title of the book, map, chart, dramatic or musical composition, engraving, cut, print, photograph, or chromo, or a description of the painting, drawing, statue, statuary, or a model or design, for a work of the fine arts, for which he desires a copyright; nor unless he shall also, not later than the day of the publication thereof, * * * deliver at the office of the librarian of congress, * * * or deposit in the mail, * * * addressed to the librarian, * * * two copies of such copyright book, map, chart, dramatic or musical composition, engraving, chromo, cut, print, or photograph, or in case of a painting, drawing, statue, statuary, model, or design for a work of the fine arts, a photograph of the same."

Section 4965 provides for a recovery of a penalty for the infringement of a copyright obtained pursuant to the provisions of section 4956. Hence the plaintiff may not maintain this action unless he has complied with the conditions precedent stated in section 4956, which should be strictly construed, because it contains the condition precedent to the recovery of severe penalties. The rigor of the penalty is illustrated in the present case, where a recovery of $10,000 has been had for the unintentional infringement of the copyright of a painting of the apparent value of $100. There is no contention that any description of the painting was sent or delivered to the librarian, other than that contained in the title, "Four-in-Hand," or in the photograph mailed to and received by the librarian. It cannot be contended seriously that the title constitutes a description. In any case, a reading of the statute should instantly dispel such contention. The inquiry follows, is the photograph a sufficient description, within the meaning of the statute? As stated by the court at the trial, "A photograph is itself a description of the painting which it represents, and a far more correct description of the painting than any mere words could usually give." Such photograph might well be regarded as a sufficient description, unless the statute requires a description of the painting in addition to, and other than, the photograph, for the scheme of the statute controls, even though it be inferior in the efficacy of its requirements to the plan adopted by the plaintiff. Abridging the words of section 4956, it provides:

"No person shall be entitled to a copyright unless he shall * * * deliver * * * or deposit * * * a printed copy of the title of the book * * *

or a description of the painting; * * * nor unless he shall also * * * deliver or deposit * * * two copies of such copyright book, * * * or in case of a painting, * * * a photograph of the same."

It is observable that the statute requires the delivery or deposit of the title of a book, or, in the case of a painting, a description thereof, and, in addition to this, the delivery of two copies of a book, or, in the case of a painting, a photograph thereof. Hence, in the case of a book, the delivery of its title and a copy thereof is necessary, and in the case of a painting the delivery of its description and a photograph thereof is requisite. The statute specifically states that in the case of a painting there must be a description thereof, and also a photograph of the same. May the statute be read to mean that the deposit of a photograph shall fulfill both requirements? The very words negative such construction, because the requirement is that the description shall be deposited, and, in addition thereto, something else shall be done, viz. the delivery of a photograph. How, then, can it be said that the deposit of the photograph may include the performance of the additional condition? When congress pointed out the elements that should lead to a valid copyright, it designated a photograph as one essential, and superadded to this a description. Section 4957 illustrates that a photograph could not fulfill the term "description," for it provides that the librarian shall keep a record of the article copyrighted, as follows:

"Library of Congress, to wit: Be it remembered, that on the ―――― day of ――――, A. D., of ――――, hath deposited in this office the title of a book (map, chart, or otherwise, as the case may be, or a description of the article), the title or description of which is in the following words, to wit: (Here insert the title or description.) * * * And he shall give a copy of the title or description under the seal of the librarian of congress, to the proprietor, whenever he shall require it."

The clause "the title or description of which is in the following words, to wit: (Here insert the title or description,)" shows that congress intended that the description should be in words, and thereby be capable of insertion in the record. This evidence of intention is manifested by the command that a copy of the description should be furnished to the proprietor. The librarian could not insert a photograph in the record, nor could he, from his own resources, furnish a copy thereof to the proprietor. The manner in which the librarian met this difficulty appears in the copy of the record furnished to the proprietor in this case. It states that Lyell Carr "has deposited in this office the title of a painting, the title or description of which is in the following words, to wit: 'Four-in-Hand.' Photo. on file." It is evident that no copy of the description is hereby furnished, nor is any description contained in the record. The record, from the very nature of the case, refers for its completion to an article on file which could not be entered of record. Such a necessary deficiency in the record of itself shows that the requirements of the statute had not been met. Section 4965 makes the recording of the description of a painting a precedent condition to the recovery of the penalty. Therefore, if the description be not recorded, as it plainly has not been in this case, there can be no recovery, at least where the omission to record arises from the fail-

ure of the proprietor to furnish a description capable of record. While a provision for using a photograph for the purposes of description would have been useful, it is considered that the statute was not framed in expectation that this could be done; and, however improvident the omission, it is for this court to determine only whether it exists. The conclusion that the statute does not permit the use of a photograph for that purpose must lead to the reversal of the judgment, with costs.