CHENEY BROS. v. WEINREB & WEINREB.

(Circuit Court. S. D. New York. July 18, 1910.)

1. PATENTS (§ 116*)—DESIGNS—DESCRIPTION—SUFFICIENCY.

Under Rev. St. § 4933 (U. S. Comp. St. 1901, p. 3399), making provisions governing patents for inventions applicable to patents for designs, and under section 4888 (U. S. Comp. St. 1901, p. 4888), requiring "written description" of inventions to be filed, a patent reciting invention of a design for textile fabrics, and referring to an accompanying drawing as a plan view of the fabric showing the design, is not invalid because the design is not described in words.

[Ed. Note.—For other cases, see Patents, Cent. Dig. § 168½; Dec. Dig. § 116.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

2. Statutes (§ 219*)—Aids—Construction by Executive Departments.
The uniform practice of the Patent Office is entitled to weight in construing a statute relating to patents.

[Ed. Note.—For other cases, see Statutes, Cent. Dig. §§ 296, 297; Dec. Dig. § 219.*]

In Equity. Suit by Cheney Bros. against Weinreb & Weinreb. On demurrer to the bill of complaint. Demurrer overruled.

This is a demurrer to a bill of complaint upon a design patent. The only question raised is the validity of the patent itself, in that the design is not described in words. The patent in full is as follows:

"To All Whom It may Concern:

"Be it known that I, Helen Parker Johnstone, a citizen of the United States, residing at Glenridge, in the county of Essex, and state of New Jersey, have invented a new, original, and ornamental design for textile fabrics, of which the following is a specification; reference being had to the accompanying drawing forming part there.

"The figure is a plan view of the fabric, showing my new design.

"I claim:

"The ornamental design for a textile fabric as shown.

"Helen Parker Johnstone.

"Witnesses:
  "M. L. Johnstone.
  "Percy L. Gallagher."

Attached to the patent is a diagram showing the complainant's design.

Edward C. Davidson (James J. Kennedy, of counsel), for complainant.

A. Bell Malcomson, for defendants.

HAND, District Judge (after stating the facts as above). The demurrer, in my judgment, is entirely without merit, and contrary to any reasonable implication of the words of the statute. Section 4933, Rev. St. (U. S. Comp. St. 1901, p. 3399), provides that:

"All the regulations and provisions which apply to obtaining or protecting patents for invention or discoveries not inconsistent with the provisions of this title shall apply to patents for designs."

The demurrant relies on the provision in section 4888, Rev. St. (U. S. Comp. St. 1901, p. 3383), that the inventor shall file in the Patent Office "a written description of the same." The only effective way of describing the design is to say that it is the design applicable to textile fabrics and then refer to the design itself. Of course, I do not mean that the design cannot also be described in words; but I think it confusing and useless, provided there be some writing to indicate upon what character of goods the design is to be applied. In corroboration of this conclusion I may consider the uniform practice of the Patent Office itself for many years. Being the construction of a statute adopted by a co-ordinate branch of the government, this is an interpretation entitled to much weight under well-recognized principles. I also think the decision in point in Tompkins Company v. New York Woven Wire Mattress Company, 159 Fed. 133, 86 C. C. A. 323. In that case a design patent was declared invalid by the

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Circuit Court of Appeals for the Second Circuit because it was impossible to tell from the design, without further description, just what the design was. Had the patent been invalid in any event for lack of a written description, the court would have found it unnecessary to enter into the discussion which it did. It would have been enough to say in that case that, as there was no written description of the design, the patent was invalid.

The case relied on by the demurrant of Bennett v. Carr, 96 Fed. 213, 37 C. C. A. 453, is not in point. There the statute specifically provided for both a photographic and written description. The court had no alternative there but to enforce the statute as was provided. Here, as I have said, there is a written description of the patent, although it is not self-subsisting without a picture of the design. I cannot think that Congress could have any such absurdly redundant intention by the words of section 4888, "a written description of the same."

Demurrer overruled, with costs; defendant to answer on the next rule day.