NATIONAL CASKET CO. v. NEW YORK & BROOKLYN CASKET CO.

(Circuit Court, S. D. New York.   February 23, 1911.)

1. COURTS (§ 290*)—FEDERAL COURTS—JURISDICTION—PATENT INFRINGEMENT.
   A federal Circuit Court has jurisdiction of a suit for infringing a design patent.
   [Ed. Note.—For other cases, see Courts, Cent. Dig. § 832; Dec. Dig. § 290.*]

2. COURTS (§ 292*)—FEDERAL COURTS—JURISDICTION—TRADE-MARKS.
   A federal Circuit Court has no jurisdiction of a suit for infringing a common-law trade-mark or for unfair competition, in the absence of diverse citizenship.
   [Ed. Note.—For other cases, see Courts, Cent. Dig. § 834; Dec. Dig. § 292.*]

3. COURTS (§ 299*)—FEDERAL COURTS—NATURE OF CAUSE PLEADED.
   A bill of complaint setting forth a cause of action for patent infringement, "further" showing adoption by defendant of a trade-name deceptively similar to complainant's, "further" showing unfair competition in trade, resulting, among other things, from the location of defendant in complainant's former place of business, and praying injunction against imitating complainant's invention, from employing such name, and from unfairly competing, states distinct causes of action, as affecting the court's jurisdiction; the allegations respecting unfair competition and use of complainant's trade-name not being mere incidents to the suit for infringement.
   [Ed. Note.—For other cases, see Courts, Cent. Dig. § 841; Dec. Dig. § 299.*]

4. COURTS (§ 299*)—FEDERAL COURTS—JURISDICTION—PLEADING.
   The federal court's jurisdiction cannot be extended by uniting in the same complaint a cause of action of which it has no jurisdiction with one of which it has.
   [Ed. Note.—For other cases, see Courts, Cent. Dig. § 841; Dec. Dig. § 299.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

5. PATENTS (§ 116*)—INFRINGEMENT—PLEADING.

A bill for infringement of a design patent is not insufficient because the patent contains no written description of the design.

[Ed. Note.—For other cases, see Patents, Cent. Dig. § 168½; Dec. Dig. § 116.*]

In Equity. Bill by the National Casket Company against the New York & Brooklyn Casket Company. On demurrer to bill of complaint. Demurrer partly sustained.

Duell, Warfield & Duell, for complainant.

Briesen & Knauth, for defendant.

LACOMBE, Circuit Judge. The first two grounds of demurrer are that the bill of complaint shows that this court has "no jurisdiction of the alleged cause of action in so far as it is laid in alleged unfair competition," and also shows that this court has "no jurisdiction of the alleged cause of action in so far as it is laid in alleged violation of trade-mark."

Both parties are residents of this state. The complainant owns a design patent, which it is alleged defendant infringes, a controversy of which this court has jurisdiction. It holds no trade-mark under the federal statutes, and of any controversy between these parties as to a common-law trade-mark, or as to unfair competition in trade, this court has no jurisdiction, since there is no diversity of citizenship.

Complainant argues at great length in support of the proposition that there is but a single cause of action, to wit, infringement of the patent, with unfair competition and use of complainant's trade-name as mere incidents. Inspection of the complaint shows that this contention is wholly unwarranted. Having set forth completely a cause of action for infringement of patent, it "further shows" that complainant has originated and adopted a trade-mark for its goods, and that defendant has adopted and used a deceptively similar name for its goods. It also "further shows" unfair competition in trade, resulting, among other things, from the location of defendant in the former place of business of complainant. The prayer for injunctive relief is threefold—that defendant be enjoined (a) "from counterfeiting or imitating the said invention and letters patent;" (b) "from employing any word or designation deceptively similar or confusable with your orator's trade-mark 'Romanesque'"; and (c) "from in any wise competing unlawfully or unfairly with your orator."

In this circuit the law is well settled that the federal court's jurisdiction cannot be extended by uniting in the same complaint a cause of action of which it has no jurisdiction with one of which it has. Burt v. Smith, 71 Fed. 161, 17 C. C. A. 573; Hutchinson v. Loewy, 163 Fed. 42, 90 C. C. A. 1.

Defendant further demurs on the ground that the bill does not state sufficient facts to constitute a cause of action for infringement of complainant's design patent, because said patent contains no written description of the design. The same question was before Judge Hand in a recent case (Cheney v. Weinreb, 157 O. G. 1002, reported in

185 Fed. 531), and the objection held to be unsound. The same disposition will be made of this case.

The demurrer to so much of the bill as sets forth infringement of trade-mark and unfair competition is sustained, with leave to complainant to replead within 20 days.