## GENEVA FURNITURE MANUFACTURING COMPANY *v.* S. KARPEN & BROS.

### APPEAL FROM THE DISTRICT COURT OF THE UNITED STATES FOR THE NORTHERN DISTRICT OF ILLINOIS.

No. 496. Submitted December 17, 1914.—Decided June 14, 1915.

Where the plaintiff really makes a substantial claim under an Act of Congress, the District Court has jurisdiction whether the claim ultimately be held good or bad. *The Fair* v. *Kohler Die Co.*, 222 U. S. 22.

Jurisdiction is the power to consider and decide one way or the other as the law may require; it is not to be declined because it is not foreseen with certainty that the party invoking it may succeed.

Where a bill includes several causes of action, some arising under the patent laws and others on breach of contractual relations, and one of the defendants is a corporation that cannot be sued in the district without its consent, save in cases arising under the patent laws, the rule in equity respecting joinder of causes of action yields to the jurisdictional statute and, if the designated defendant objects to the jurisdiction, the bill must be dismissed, so far as that defendant is concerned, as to the causes of action not arising under the patent laws.

Whether in such a case all the causes of action may be maintained in a single bill as against the other defendants is a question of general equity jurisdiction and practice and is not open to consideration on direct appeal to this court under § 238, Judicial Code. *Bogart* v. *Southern Pacific Co.*, 228 U. S. 137.

THE facts, which involve the jurisdiction of the District Court in cases arising under the patent laws of the United States, are stated in the opinion.

*Mr. Thomas A. Banning* and *Mr. Samuel Walker Banning* for appellant:

The jurisdiction is conferred by bill for infringement.

The allegations if confessed or proven make out a case under the patent laws.

The facts show actual infringement through the procurement of the defendants.

No claim is made that all violations of a licensed contract constitute infringement.

The acts of the Seng Company procured by the defendants constitutes an infringement.

What the parties have agreed to shall constitute infringing devices.

An unauthorized use of the licensed devices is an infringement. See *Chadeloid Chemical Co.* v. *Johnson,* 203 Fed. Rep. 995; *Consolidated Rubber Co.* v. *Republic Rubber Co.,* 195 Fed. Rep. 770; *Fair* v. *Kohler Die Co.,* 228 U. S. 24; *Pope Mfg. Co.* v. *Owsley,* 27 Fed. Rep. 108; *United States* v. *Larkin,* 208 U. S. 338; *Victor Talking Machine Co.* v. *The Fair,* 123 Fed. Rep. 425.

*Mr. Levy Mayer, Mr. Isaac H. Mayer, Mr. John H. Lee* and *Mr. Philip C. Dyrenforth* for appellees:

The bill of complaint showed no case under the patent laws, and the District Court therefore had no jurisdiction, inasmuch as an indispensable defendant was sued, over its protest, outside of the district of either its, or plaintiff's residence.

The District Court did not, under any circumstances, have jurisdiction to entertain that part of the bill seeking specific performance, because the court could not acquire jurisdiction over an indispensable defendant.

In support of these contentions see *Apapas* v. *United States*, 233 U. S. 587; *Bauer* v. *O'Donnell*, 229 U. S. 1; *Bement* v. *National Harrow Co.*, 184 U. S. 70; *Bogart* v. *Southern Pacific Co.*, 228 U. S. 137; *Bobbs-Merrill Co.* v. *Straus*, 210 U. S. 339; *Brown* v. *Keene*, 8 Peters, 112; *Chadeloid Chemical Co.* v. *Johnson*, 203 Fed. Rep. 993; *Chappell* v. *United States*, 160 U. S. 499; *Colvin* v. *Jacksonville*, 158 U. S. 456; *Comptograph Co.* v. *Burroughs*, 175 Fed. Rep. 787; aff'd, 183 Fed. Rep. 321; *Courtney* v. *Pradt*, 196 U. S. 89; *Cushman* v. *Atlantis Pen Co.*, 164 Fed. Rep. 94; *Electric Boat Co.* v. *Lake Torpedo Boat Co.*, 215 Fed. Rep. 377; *Elgin Watch Co.* v. *Illinois Watch Co.*, 179 U. S. 665; *Excelsior Wooden Pipe Co.* v. *Pacific Bridge Co.*, 185 U. S. 282; *The Fair* v. *Kohler Die Co.*, 228 U. S. 22; *Grace* v. *American Ins. Co.*, 109 U. S. 278; *Hanford* v. *Davies*, 163 U. S. 273; *Hartell* v. *Tilghman*, 99 U. S. 547; *Henry* v. *Dick*, 224 U. S. 1; *The Ira M. Hedges*, 218 U. S. 264; *Johnson* v. *Brass Co.*, 201 Fed. Rep. 368; *Keasby & Mattison Co.* v. *Cary Co.*, 113 Fed. Rep. 432; *King* v. *Inlander*, 133 Fed. Rep. 416; *Leschen* v. *Broderick*, 201 U. S. 166; *Marconi Wireless Tel. Co.* v. *National Co.*, 206 Fed. Rep. 295, 300; *Meckey* v. *Grabowski*, 177 Fed. Rep. 591; *Mitchell Coal Co.* v. *Penna. R. R.*, 230 U. S. 247; *Nat. Casket Co.* v. *New York Casket Co.*, 185 Fed. Rep. 533; *Nat. Coal Company* v. *C. & N. W. R. R.*, 211 Fed. Rep. 65; *Nat. Harrow Co.* v. *Hench*, 83 Fed. Rep. 36; *New Marshall Co.* v. *Marshall Engine Co.*, 223 U. S. 473; *Pope Mfg. Co.* v. *Owsley*, 27 Fed. Rep. 100; *Pratt* v. *Paris Gas Co.*, 168 U. S. 255; *St. Louis Mach. Co.* v. *Sanitary Flushing Co.*, 161 Fed. Rep. 725; *Standard Paint Co.* v. *Trinidad Asphalt Co.*, 220 U. S. 446; *The Steamship Jefferson*, 215 U. S. 130; *Vose* v. *Roebuck Co.*, 210 Fed. Rep. 687; *S. C.*, 216 Fed. Rep. 523; *Wilson* v. *Sanford*, 10 How. 99; *Woerheide* v. *Johns-Manville Co.*, 199 Fed. Rep. 535.

MR. JUSTICE VAN DEVANTER delivered the opinion of the court.

This is a direct appeal under Jud. Code, § 238, from a decree dismissing a suit in equity for want of jurisdiction, the question for decision being whether the bill presents a case arising under the patent laws, that is, a case asserting some right or privilege under those laws which will be sustained by one construction of them or defeated by another. Although not a model of good pleading, the bill plainly shows, when all of it is considered, that it is intended to charge the defendants (a) with contributing to the infringement of letters patent belonging to the plaintiff by wrongfully inducing and persuading designated licensees of the plaintiff to make, use and sell devices embodying the inventions of the patents in circumstances not authorized or permitted by their licenses; (b) with wrongfully procuring such licensees to violate their license contracts in designated particulars, some of which have no bearing on the charge of infringement, and (c) with refusing to perform stipulations whereby the defendants agreed to assign to the plaintiff certain other letters patent. The prayer is for an injunction and accounting in respect of the contributory infringement, for an injunction and damages in respect of the procured breach of the licensees' contractual obligations, and for the specific performance of the stipulations to assign the other letters patent. The plaintiff is described as a New York corporation, one of the defendants as a West Virginia corporation, another as an Illinois corporation, and the third as an individual citizen of the latter State. The West Virginia company is alleged to have a regular and established place of business in the Northern District of Illinois, and the acts of infringement and contributory infringement are charged to have been committed in that district. Then there is an allegation that the suit is one "arising under the patent

laws of the United States, and also between citizens of different States," and that the amount in controversy exceeds $3,000, exclusive of interest and costs.

If the suit be one arising under the patent laws the District Court undoubtedly had jurisdiction, Jud. Code, § 24, par. 7, and §§ 48 and 256, but if it be not such a suit that court was obviously without jurisdiction as respects the West Virginia company, unless it chose to waive its privilege of being sued only in the district of its residence or that of the plaintiff. § 51. Appearing specially, that company objected that the suit was not one arising under the patent laws and insisted upon its personal privilege. The objection was sustained. The other defendants, likewise appearing specially, objected that the suit did not arise under the patent laws, and could not proceed without the presence of the West Virginia company because it was an indispensable party. This objection also was sustained, and the bill was then dismissed, the decree reciting that the dismissal was for want of jurisdiction.

We think the bill plainly rests the first branch of the suit, that relating to the alleged contributory infringement of the plaintiff's patents, upon the patent laws and asserts in effect, if not in exact words, that the infringing acts charged against the defendants constitute an invasion of the plaintiff's exclusive rights under those laws and entitle it to relief thereunder by injunction and a recovery of profits and damages. And we think it cannot be said of this branch of the case that it is so unsubstantial or devoid of merit as to make it frivolous or to bring it only nominally within the patent laws. On the contrary, we think it presents a real question under them. Whether it shall finally prevail or fail, it has enough of substance to entitle the plaintiff to an adjudication of it as presented. Thus it is within the ruling in *The Fair* v. *Kohler Die Co.*, 228 U. S. 22, 25, that "if the plaintiff really makes a substantial claim under an act of Congress there is jurisdiction

whether the claim ultimately be held good or bad." Juris-
diction, as pointed out in that case, is the power to con-
sider and decide one way or the other, as the law may re-
quire, and is not to be declined merely because it is not
foreseen with certainty that the outcome will help the
plaintiff. Of like import is *Healy* v. *Sea Gull Specialty Co.*,
237 U. S. 479.

We therefore hold that so much of the bill as charges
the defendants with contributory infringement of the
plaintiff's letters patent and seeks relief on that ground
presents a case arising under the patent laws of which the
District Court should have taken jurisdiction.

But the other portions of the bill stand upon a different
footing. The causes of action which they present—those
not founded upon an unauthorized making, using or
selling of devices embodying the inventions of the plain-
tiff's patents but resting only upon a breach of contractual
obligations—do not arise under the patent laws. *New
Marshall Co.* v. *Marshall Engine Co.*, 223 U. S. 473; *Henry*
v. *Dick Co.*, 224 U. S. 1, 14, 15. As to them no Federal
court can take jurisdiction of a suit against the West
Virginia company without its consent, save in the district
of its residence or that of the plaintiff, Jud. Code, § 51; and
it hardly needs statement that the jurisdiction as limited
and fixed by Congress cannot be enlarged or extended by
uniting in a single suit causes of action of which the court
is without jurisdiction with one of which it has jurisdic-
tion. Upon this point the rule otherwise prevailing re-
specting the joinder of causes of action in suits in equity
must of course yield to the jurisdictional statute. Thus
the West Virginia company's objection while not good as to
the entire bill was good as to the causes of action not
arising under the patent laws. Whether these causes of
action can be retained as against the other defendants,
after they are eliminated so far as the West Virginia com-
pany is concerned, is not open to consideration now. It

is not a question of Federal jurisdiction within the meaning of § 238 but only one of general equity jurisdiction and practice applicable as well to State as to Federal courts. *Bogart* v. *Southern Pacific Co.*, 228 U. S. 137, and cases cited.

The decree of dismissal is reversed and the cause is re-manded for further proceedings in conformity with this opinion.

*Decree reversed.*