GALLARDO, Treasurer of Porto Rico, v. SANTINI FERTILIZER CO.

(Circuit Court of Appeals, First Circuit. March 3, 1926.)

No. 1862.

1. Territories ⊚⇒8.

Only those provisions of Constitution of United States which are in their nature applicable are in force in Porto Rico.

2. Territories ⊚⇒8—Constitutional provision, prohibiting states from laying imposts or duties on imports or exports, is inapplicable to Porto Rico (Const. art. I, § 8, par. 3; Jones Act, § 41 [Comp. St. 1918, Comp. St. Ann. Supp. 1919, § 3803qq]).

Const. art. 1, § 8, par. 3, prohibiting states from laying imposts or duties on imports or exports, is inapplicable to Porto Rico, and the complaint does not allege that it was extended to Porto Rico by Jones Act, § 41 (Comp. St. 1918, Comp. St. Ann. Supp. 1919, § 3803qq).

3. Courts ⊚⇒438—United States District Court of Porto Rico would have had no jurisdiction to enjoin collection of $3,810.93 as illegal taxes, where only $585.33 thereof depended on determination of federal question, conceding there was such question (Judicial Code, § 24 [Comp. St. § 991]).

Where it was sought, in the United States District Court of Porto Rico, to enjoin collection of $3,810.93 as taxes alleged to have been levied in part contrary to a provision of. the Constitution of the United States, and in part under an erroneous construction of local law, but it appeared that only $585.33 of entire sum depended on determination of federal question,

conceding existence of such question, the District Court would have had no jurisdiction; amount in controversy not exceeding $3,000, as required by Judicial Code, § 24 (Comp. St. § 991).

4. Courts ⊚⇒263—Equity rule, authorizing joinder of causes of action, cannot be invoked to enlarge court's jurisdiction by joinder of cause not within such jurisdiction (equity rule 26).

Equity rule 26, authorizing joinder in one bill of as many causes of action as complainant may have against defendant, cannot be invoked to enlarge or extend court's jurisdiction by uniting cause within its jurisdiction with one not within it.

Appeal from the District Court of the United States for the District of Porto Rico; Odlin, Judge.

Suit by the Santini Fertilizer Company against Juan G. Gallardo, Treasurer of Porto Rico. Decree for plaintiff, and defendant appeals. Reversed and remanded, with instruction to dismiss.

Russell H. Brennan, of Washington, D. C., for appellant.

Nelson Gammans, of New York City, for appellee.

Before BINGHAM, JOHNSON, and ANDERSON, Circuit Judges.

JOHNSON, Circuit Judge. This is an appeal from a decree of the District Court of the United States for the District of Porto Rico, in a bill in equity filed by the Santini Fertilizer Company, a corporation organized under the laws of Porto Rico, against the Treasurer of Porto Rico, and both are citizens and residents of that island. They will be designated for convenience as in the original bill.

The complaint alleges that the complainant is engaged in the business of buying and importing into Porto Rico from the United States and from foreign countries fertilizers and raw materials therefor, in manufacturing commercial fertilizers, and in selling raw materials and the manufactured product; that, under the law of Porto Rico, the value placed upon its merchandise for the purpose of taxation for the year 1923–4 was largely in excess of the value for which it could legally be assessed; that in the merchandise held by it upon its dock and warehouse in the city of San Juan were the original bags in which materials from which fertilizer is made had been imported from Germany and France; that these retained their character of imports from foreign countries, and were at the time when the tax was assessed ex-

empt from local taxation; that complainant appealed to the Board of Equalization and Review from the assessment that was made upon its property, but that this assessment was confirmed by this board; that a tax amounting to $6,844.56 was assessed upon its stock of merchandise for the year 1923–4, which was $3,810.93 in excess of the tax which should have been assessed, and that, upon its failure to pay said tax, the defendant, as Treasurer of Porto Rico, has threatened to seize and sell sufficient property of the complainant to satisfy said tax or any unpaid portion thereof; that the tax was illegally assessed upon its stock of merchandise because the full amount of said stock on hand January 15, 1923, the date upon which the property tax in Porto Rico is assessed, was assessed at its average market value during the year next preceding the time of assessment, whereas it should have been assessed upon the average amount of said stock during the preceding year at its average market value. The tax was assessed under sections 294, 295 and 297 of the Political Code of Porto Rico.

Section 294, so far as material in defining the property to be taxed, is as follows:

"So much of the property of any manufacturer, merchant or tradesman as may consist of stocks of material or merchandise shall be listed separately and assessed upon its average market value during the year next preceding the time of assessment."

Section 295 provides, in part, that it shall be the duty of the assessor in each assessment district to fill out an assessment schedule showing in as great detail as is practicable all personal property subject to taxation on January 15th in each year to each taxable person.

Section 297 provides that such personal property as goods, wares, merchandise and other stock in trade shall be assessed to the owner in the municipality in which it is situated.

Although no objection to the jurisdiction of the District Court was raised below nor argued before us, yet counsel have, at our request, submitted briefs upon it.

By section 41, c. 145, of Act of Congress approved March 2, 1917 (Comp. St. 1918, Comp. St. Ann. Supp. 1919, § 3803qq), popularly known as the "Jones Act," it is provided that the District Court for the District of Porto Rico "shall have jurisdiction of all cases cognizable in the District Courts of the United States, and shall proceed in the same manner. * * * Said court shall have jurisdiction of all controversies where all of the parties on either side of the controversy are citizens or subjects of a foreign state or states, or citizens of a state, territory, or district of the United States not domiciled in Porto Rico, wherein the matter in dispute exceeds, exclusive of interest or costs, the sum or value of $3000."

It was the evident purpose of Congress in this act to narrow somewhat the jurisdiction of the District Court from that which it had been granted under the preceding act of Congress of April 12, 1900 (31 Stat. 77) known as the "Foraker Act." See Porto Rico Ry. Light & Power Co. v. Mor, 40 S. Ct. 516, 253 U. S. 345, 64 L. Ed. 944.

In the present case there is no diversity of citizenship. Both plaintiff and defendant are citizens and residents of Porto Rico, but jurisdiction is claimed for the District Court, because the complaint alleges that part of the tax was assessed upon imports from foreign countries in violation of paragraph 3, § 8, article 1, of the Constitution of the United States.

[1] Only those provisions of the Constitution of the United States are in force in Porto Rico which in their nature are applicable thereto. Balzac v. Porto Rico, 42 S. Ct. 343, 258 U. S. 298, 305, 66 L. Ed. 627; Dorr v. United States, 195 U. S. 138.

The act of Congress of March 2, 1917, known as the "Jones Act," has extended to Porto Rico many provisions of the Constitution, in terms, and also some provisions of the Customs Laws; but no provision of the "Jones Act" or of the Customs Laws is set out or alleged in the plaintiff's bill as a ground of federal jurisdiction.

[2] The clause of the Constitution which states that "no state shall, without the consent of the Congress, lay any imposts or duties on imports or exports except what may be absolutely necessary for executing its inspection laws," is clearly a limitation upon the powers of the states and not applicable to Porto Rico.

[3] But, even if the "Jones Act" or the customs laws, as applicable to Porto Rico, do contain provisions relating to imports from foreign countries, so that their construction were called in question by the allegations in the bill, jurisdiction would not thereby be conferred upon the District Court of Porto Rico.

Its jurisdiction, by the "Jones Act," is made to extend to "all cases cognizable in the District Courts of the United States."

Under section 24 of the Judicial Code (Comp. St. § 991), jurisdiction is conferred upon the District Courts of the United States

in all suits of a civil nature "where the matter in controversy exceeds, exclusive of interest and costs, the sum or value of three thousand dollars, and (a) arises under the Constitution or laws of the United States."

If the provisions of the "Jones Act" make the tax which was assessed upon the alleged imports unlawful, then the amount of the tax involved in such alleged illegal assessment is less than $3,000.

The bill of complaint alleges the value of the imports which were taxed to be $26,131, and that the rate of taxation in the city of San Juan for the years in question was 2.24 per cent., making therefore the tax upon the alleged imports $585.33.

While the plaintiff in its bill seeks to restrain the collection by the Treasurer of Porto Rico of $3,810.93, which it alleges to have been unlawfully assessed and void, yet it alleges that the greater part of this tax was unlawfully assessed, because of a wrong construction placed upon the law of Porto Rico, a purely local question in no way connected with or to be determined by the federal question which is sought to be raised.

The plaintiff has in its bill stated two causes of action; one dependent upon the determination of a federal question, provided, under the laws of the United States relating to imports into Porto Rico from foreign nations the taxation of such imports is unlawful; and the other grounded upon what it alleges to have been a wrong construction of the law of Porto Rico by the taxing authorities. These two causes of action are entirely distinct and in no way connected.

[4] While under equity rule 26 the plaintiff is authorized to "join in one bill as many causes of action cognizable in equity as he may have against the defendant," yet the Supreme Court said in Geneva Furniture Co. v. Karpen, 35 S. Ct. 788, 238 U. S. 254, 259, 59 L. Ed. 1295:

"It hardly needs statement that the jurisdiction as limited and fixed by Congress cannot be enlarged or extended by uniting in a single suit causes of action of which the court is without jurisdiction with one of which it has jurisdiction. Upon this point the rule otherwise prevailing respecting the joinder of causes of action in suits in equity must of course yield to the jurisdictional statute." See, also, Cushman v. Atlantis Fountain Pen Co. (C. C.) 164 F. 94; National Casket Co. v. New York & Brooklyn Casket Co. (C. C.) 185 F. 533; Johnston v. Brass Goods Mfg. Co. (D. C.) 201 F. 368.

The amount of the alleged unlawful tax upon imports, if it be conceded to have raised a federal question, is not sufficiently large to give the court jurisdiction. See Greene v. Louisville & Interurban R. R. Co., 37 S. Ct. 673, 244 U. S. 499, 508, 61 L. Ed. 1280, Ann. Cas. 1917E, 88.

In West India Oil Co. v. Gallardo, Treasurer (C. C. A.) 6 F.(2d) 523, we held that the act of Porto Rico providing for an action at law to recover taxes paid under protest did not afford an adequate remedy at law, but that equity had jurisdiction to restrain collection of an illegal tax. In that case, however, the plaintiff in error was a New Jersey corporation. There was diversity of citizenship, and the requisite amount was involved to confer jurisdiction.

The question now presented is not whether the plaintiff in error had an adequate remedy at law, but whether the District Court had jurisdiction. As we think it did not have jurisdiction, the entry must be:

The decree of the District Court is reversed, and the action is remanded to that court, with instruction to dismiss the same, with costs to the appellant in this court.