## INGRASSIA v. A. C. W. MFG. CORPORATION.

Circuit Court of Appeals. Second Circuit. March 5, 1928.

No. 189.

1. **Courts ⟨⟩290—Cause of action as to unfair competition, joined with patent infringement suit, held properly dismissed, in absence of diversity of citizenship.**

In absence of diversity of citizenship between litigants, cause of action as to unfair competition, joined with patent infringement suit, *held* properly dismissed.

2. **Patents ⟨⟩310(1)—Cause of action for patent infringement, failing to allege statutory conditions for grant of patents, held insufficient (35 USCA §§ 31, 32; District Court rule 25).**

Cause of action for patent infringement *held* insufficient for failure to allege that invention was not known or used in this country before invention or discovery, and not patented or described in any printed publication, or that for more than two years prior to application, it was not in public use or on sale, and that no application for foreign patent for invention was filed 12 months prior to filing application in this country, and that it was not abandoned, all of which is required under Rev. St. §§ 4886, 4887 (35 USCA, §§ 31, 32), and being necessary allegations of ultimate facts required by District Court rule 25.

3. **Patents ⟨⟩310(1⅛)—Right of inventor claiming infringement depends on affirmative pleading.**

Inventor's right in patent infringement suit depends on his pleading of necessary or ultimate facts to bring him within the statute on which his right depends.

Appeal from the District Court of the United States for the Southern District of New York.

Suit by Leon Ingrassia against the A. C. W. Manufacturing Corporation for infringement of patent and for unfair competition. Decree of dismissal, and plaintiff appeals. Affirmed.

Newell & Spencer, of New York City (George M. Dowe, of New York City, of counsel), for appellant.

Wilfred S. Stachenfeld, of New York City (Irving M. Obrieght, of New York City, of counsel), for appellee.

Before MANTON, SWAN, and AUGUSTUS N. HAND, Circuit Judges.

PER CURIAM. There is no diversity of citizenship, for the appellant is a citizen of New York and the appellee is a New York corporation. This bill sets forth infringement of patents, utility, notice, alleged infringement, threat thereof, and a prayer for damages. It also contains allegations, in a separate cause of action, for unfair competition on alleged copying of the size, stand, and shape of the appellant's box and pads, the color of the label and advertising text, all of which is stated to be trading upon the good will and good name of the appellant with intent to deceive the public. Injunction is sought for unfair competition, as well as for unlawful infringement of the patent. The bill of complaint was dismissed, because the cause of action as to the patent infringement was insufficiently alleged, and the cause of action as to unfair competition, because of lack of diversity of citizenship and want of jurisdiction.

[1] This court and the District Courts of this circuit have consistently held that, in the absence of diversity of citizenship between the litigants, a patent infringement suit or a statutory trade-mark infringement may not be joined with a suit for unfair competition in trade. Gerrard v. Cary (D. C.) 9 F.(2d) 949, affd. (C. C. A.) 9 F.(2d) 957; Planten v. Gedney (C. C. A.) 224 F. 382; Tyler Co. v. Ludlow-Saylor Wire Co. (C. C. A.) 212 F. 156; Thaddeus Davids Co. v. Davids (C. C. A.) 192 F. 915; Matl. Casket Co. v. N. Y. & Bklyn. Casket Co. (C. C.) 185 F. 533. The Supreme Court has ruled likewise in Geneva Furniture Co. v. Karpen, 238 U. S. 254, 35 S. Ct. 788, 59 L. Ed. 1295; Standard Paint Co. v. Trinidad Asphalt Mfg. Co., 220 U. S. 446, 31 S. Ct. 456, 55 L. Ed. 536; A. Leschen, etc., Co. v. Broderick Bascom, etc., Co., 201 U. S. 166, 26 S. Ct. 425, 50 L. Ed. 710. The cause of action as to unfair competition was properly dismissed.

[2, 3] The cause of action for patent infringement is insufficient, for it does not allege that the invention was not owned or used in this country before his invention or discovery thereof, and not patented or described in any printed publication in this or any foreign country before the invention or discovery thereof, or that for more than two years prior to his application for a patent therefor it was not in public use or on sale in this country; that no application for a foreign patent for said invention was filed for more than 12 months prior to the filing of the application in this country, and that it was not abandoned; in other words, that it does not

allege the conditions for the grant of patents provided for in sections 4886, 4887, of the United States Revised Statutes (35 USCA §§ 31, 32; Comp. St. §§ 9430, 9431). These are necessary allegations of ultimate facts required by rule XXV of the District Court (198 F. xxv, 115 C. C. A. xxv). The inventor's right depends upon his affirmative pleading of necessary or ultimate facts to bring him within the statute on which his right depends. American Laundry Machinery Co. v. Prosperity Co. (C. C. A.) 295 F. 819; Bayley & Sons, Inc., v. Braunstein Bros. (D. C.) 237 F. 671; Rubber Tire Wheel Co. v. Davie (C. C.) 100 F. 85.

The bill of complaint was insufficient. Decree affirmed.