## WILLIAM FAEHNDRICH, Inc., v. WHEELER RIDDLE CHEESE CO., Inc.

District Court, E. D. New York. August 6, 1929.

No. 3933.

Max D. Ordmann, of New York City, for plaintiff.

Pentlarge & Johnson, of New York City (C. A. Soans, of Chicago, Ill., of counsel), for defendant.

CAMPBELL, District Judge. This is a suit in equity.

The plaintiff is a corporation organized January, 1926, and is the successor in business of William Faehndrich, who is the president of the plaintiff.

At the time of the organization of the corporation, the said William Faehndrich sold his entire business to the plaintiff.

The plaintiff has been, since its organization, and the said William Faehndrich was for some years prior thereto, engaged in the business of importing cheese into the United States.

About 1919, plaintiff's predecessor invented and constructed a machine, on which he later obtained letters patent No. 1,340,-479, for cutting the round cakes or stones of cheese into individual portions of triangular shape and uniform in size and weight, but with this patent we have no concern as no cause of action for the infringement thereof by the defendant has been alleged.

Prior to 1918, no cheese was sold by jobbers in individual portions of uniform weight and shape, except such cheese as was originally made in moulds, but cheese made in round cakes or stones was sold in halves and quarters, by jobbers, and cheese had been for many years sold by retailers in triangular pieces, in size to suit the purchaser.

The said William Faehndrich selected a label and trade-mark which he printed on a tinfoil dress and put the individual portions on the market.

On January 10, 1919, said William Faehndrich published his label, and subsequently, on May 24, 1927, the plaintiff deposited the label in the Patent Office for registration, which was registered in said office on August 23, 1927, by the number 32,615.

On September 18, 1919, the said William Faehndrich filed his application for registration of his trade-mark, which was registered in said office on April 27, 1920.

Neither the plaintiff nor its predecessor, William Faehndrich, has any patent for the product or process.

The said William Faehndrich did a good business, and the defendant was a purchaser of the cheese of the said William Faehndrich, and his successor, the plaintiff, from 1921 to April, 1927.

In 1927 the defendant commenced to cut its own merchandise and sell the same in individual portions, with a dress, label, and mark as per Plaintiff's Exhibit 4.

The evidence offered on behalf of the plaintiff as to confusion in the trade caused by any similarity of marks and labels on defendant's products was far from convincing; on the contrary, any loss of business by plaintiff, occasioned by the advent of the defendant in the trade, appears to have been caused by its reduction in the price of their product.

The plaintiff seeks relief on three alleged causes of action:

I. Infringement of registered trademark.

II. Infringement of registered copyright.

III. Unfair competition.

First, considering the trade-mark:

The trade-mark as registered shows and claims no color, and therefore plaintiff can have no monopoly therein, nor is the use of the trade-mark limited to use on packages of any particular shape, but the predecessor of the plaintiff, in his application for registration, stated, "I adopted for my use the trade mark shown in the accompanying drawing for cheese," and further stated, "The trade mark is applied or affixed to the goods or to the packages containing the same by placing thereon a printed label on which the trade name is shown."

The trade-mark consisted of a circle with the monogram "W. F." therein and the heads of a goat and a sheep facing in opposite directions above the circle.

The mark placed on the defendant's product was not stated to be a trade-mark, and consisted simply of a monogram, different not only in the letters, but in the type used, and there were no animal heads anywhere on the package.

I do not find any confusing similarity in the mark of the defendant with that of the plaintiff, and therefore it does not infringe.

Next considering the label:

The right to register a label in the Patent Office cannot be seriously questioned [Hoague-Sprague Corporation v. Frank C. Meyer Co. (D. C.) 31 F.(2d) 583, and (D. C.) 27 F.(2d) 176, 179], but the general provisions of the copyright law apply in such cases except in so far as they are modified by the provisions relating to the procedure in the Patent Office.

As I have before stated, the evidence does not convince me that confusion was caused in the trade by any similarity in the defendant's label with that of the plaintiff.

What plaintiff is clearly attempting to do is to prevent the sale by others of cheese cut into individual portions, notwithstanding the fact that it has no patent on its product or process.

Clearly, plaintiff can have no exclusive right to the use of tinfoil, as it has been in use for many years prior to the first publication of the label for wrapping cheese.

Likewise it can have no exclusive right to the shape of the parcel containing the individual portion of cheese, as that shape is necessarily required in the cutting of cheese made in round cakes or stones, and it has no exclusive right to the triangular shape of the label, the marginal border, the words describing the goods, and the weight; but, if the registration was properly made, it is entitled to protection under the copyright law of its original selection and grouping of the various features making up its label. West Publishing Co. v. Edward Thompson Co. (C. C.) 169 F. 833, 853.

The test is not visual comparison but a mental comparison, whether the defendant's label would mislead an ordinarily prudent purchaser into buying defendant's goods for those of the plaintiff. California Packing Corporation v. Halferty, 54 App. D. C. 88, 295 F. 229.

From my examination of the two labels in question, I should say that no ordinarily prudent purchaser would be misled, and this opinion would be changed only if a purchaser could be said to be ordinarily prudent, who relied only on the triangular shape of the portion and label, and that the label was printed on tinfoil, in no one of which elements can the plaintiff have an exclusive right.

In the defendant's design there are no animal heads, which give distinction and artistic effect to plaintiff's label, and in the defendant's label the monogram is entirely different and the words are arranged in a different manner.

On each side of the tinfoil wrapper of the defendant, below the top on which the label is displayed, the defendant has printed "Charles A. Wheeler, Inc., Brooklyn," in letters large enough to be plainly visible to any one handling the individual portion; whereas the plaintiff, in the same relative position, displays its name on one side in somewhat less bold type, and on the other side the copyright notice.

I do not find any confusing similarity in the label of the defendant with that of the plaintiff, and therefore it does not infringe.

As to unfair competition:

In view of my findings as to lack of similarity of the trade-mark and label, there would be but little to be said as to this cause of action, but I do not intend to discuss the facts, as I am clearly of the opinion that this court is without jurisdiction of the cause of action, based upon the alleged unfair competition.

It is not denied that plaintiff and defendant are both New York corporations, and as such both are residents of the state of New York, and this court is without jurisdiction as to the cause of action alleging unfair competition. National Casket Co. v. New York & Brooklyn Casket Co. (C. C.) 185 F. 533, 534.

This situation is not changed by writing in a single suit a cause of action of which the court is without jurisdiction, with others of which it has jurisdiction. Geneva Furniture Co. v. Karpen, 238 U. S. 254, 259, 35 S. Ct. 788, 789, 59 L. Ed. 1295.

A decree may be entered in favor of the defendant dismissing the complaint, with costs.

## THE AJAX.

District Court, D. Maine, S. D. August 20, 1929.

Herbert J. Connell and Nathan W. Thompson, both of Portland, Me., for libelant.