### MILLER et al. v. RUDOLPH WURLITZER CO.

No. 1150.

District Court, W. D. New York.

Dec. 16, 1942.

Newton M. Perrins and George A. Gillette, Jr., both of Rochester, N. Y., for plaintiffs.

Lockwood, Goldsmith & Galt, of Indianapolis, Ind., for defendant.

BURKE, District Judge.

This is a suit in equity based upon the alleged use by the defendant of confidential information imparted to it by the plaintiffs whereby the defendant has secured a patent embracing plaintiffs' inventions relating to coin-operated motion picture projectors. The defendant moves to dismiss the complaint for failure to state a claim upon which relief can be granted.

The material allegations of the complaint may be briefly stated as follows: The plaintiffs submitted to the defendant in confidence copies of two patent applications and on January 7, 1938, entered into a written agreement granting to the defendant an option to secure an exclusive license under the patent applications and patents issued thereon and under any of plaintiffs' inventions or improvements thereon. Thereafter the plaintiffs conceived improvements and during the life of the agreement made a complete disclosure thereof to the defendant. The option expired July 7, 1938. Thereafter patent counsel for the defendant prepared an application for letters patent describing and claiming many of the inventions and improvements disclosed in confidence by the plaintiffs and in the same application described and claimed certain inventions of one Lannerd, an employee of the defendant, and certain noninventive improvements on plaintiffs' inventions devised by Lannerd. The application was executed by Lannerd on or about September 12, 1938, and assigned to the defendant. The application was filed in the patent office and letters patent were issued to the defendant under date of ·September 10, 1940. Letters patent on the two applications disclosed to the defendant were issued to the plaintiffs on November 21, 1939. Letters patent on a third application filed by the plaintiffs on November 27, 1939, which included the improvements on plaintiffs' inventions disclosed to the defendant, were issued to plaintiffs on April 27, 1941. Plaintiffs learned of the issue of the Lannerd patent in July 1941. They promptly filed applications for the reissue of their three patents and in October 1941 interferences were declared between plaintiffs' applications and certain claims of the Lannerd patent. The defendant had no interest in the subject of plaintiffs' inventions until plaintiffs' ideas were communicated to it. The plaintiffs claim that the inventions of Lannerd and the inventions disclosed in confidence to the defendant by the plaintiffs have been so intermingled in the Lannerd patent that complete justice may not be done by the normal procedure in the patent office under the interference statute and that the defendant threatens in the interference proceedings to prolong the same for an indefinite period to plaintiffs' disadvantage because the inventions involved are basic in their field.

Taking the allegations of the complaint at face value the defendant has secured a patent embracing the inventions and ideas of the plaintiffs, which were submitted to it in confidence and under circumstances which made it unlawful for the defendant to use the information for its own interest. The equitable jurisdiction of

this court is invoked to prevent the alleged wrongdoer from keeping for its own benefit what it has secured by a breach of trust. Plaintiffs' cause of action is based primarily upon a breach of contractual obligations existing between the plaintiffs and the defendant. It does not arise under the patent laws but exists quite independent of them. Becher v. Contoure Laboratories, 2 Cir., 29 F.2d 31; Id., 279 U.S. 388, 49 S.Ct. 356, 73 L.Ed. 527; Geneva Furniture Mfg. Co. v. S. Karpen & Bros., 238 U.S. 254, 259, 35 S.Ct. 788, 59 L.Ed. 1295; Craig Demagnetizer & Ink Dryer Corp. v. Static Control Co., 2 Cir., 295 F. 72, 77; New Era Electric Range Co. v. Serrell, 252 N.Y. 107, 112, 169 N.E. 105. The subject of the controversy is the ownership of the inventions covered by the patent. The general equitable jurisdiction of the district courts is not curtailed by the patent statutes. Liquid Carbonic Corp. v. Goodyear Tire & Rubber Co., D.C., 38 F.Supp. 520.

Defendant argues that the complaint does not allege that the plaintiffs' disclosure of improvements to their inventions as distinct from the inventions disclosed by the application was made in confidence nor that the defendant solicited the disclosure. But the inventions described in the applications were disclosed in confidence and the written agreement gave defendant an option to secure exclusive options not only on the inventions covered by the applications but on any improvements thereon conceived by the plaintiffs. The improvements were disclosed during the life of the agreement. There could have been no purpose in disclosing them to the defendant except for its consideration in determining whether it would exercise the option. Even if there were no express agreement to hold the improvements in confidence such an agreement would be implied from the circumstances. Hoeltke v. C. M. Kemp Mfg. Co., 4 Cir., 80 F.2d 912, 923.

Defendant contends that the plaintiffs have a complete and adequate remedy in the patent office under the statutory procedure in the interference proceedings. 35 U.S.C.A. § 52. But they can have no finding there by the examiners such as they seek here in a court of equity, viz. that the parties occupied a confidential relationship as to the inventions disclosed by the applications and plaintiffs' improvements thereon and that the defendant was guilty of a breach of the trust reposed in it by claiming the inventions and improvements as its own and securing a patent covering the inventions. Moreover the allegations of the complaint in regard to the intermingling of plaintiffs' inventions with those of Lannerd are broad enough to raise issues as to the claims of the Lannerd patent not raised by the declared interferences.

For the purposes of this motion it is unnecessary to decide whether the plaintiffs in their prayer for relief have asked for more than they would be entitled to under the allegations of the complaint. A court of equity will fit the relief to the circumstances as developed by the proof.

Motion denied.

## On Motion For A Preliminary Injunction.

Assuming for the consideration of this motion for a preliminary injunction that disclosures of inventions were made by the plaintiffs to the defendant in confidence, there still remains the question whether the plaintiffs' inventions are covered by the Lannerd patent. To resolve that question will require technical proof. Without such proof this court is unable to analyze the various patents involved or to arrive at any intelligent conclusion as to whether plaintiffs' inventions have been intermingled with those of Lannerd. It appears by the affidavit filed in opposition to the motion that prior to plaintiffs' disclosures of their inventions the defendant was interested in coin-operated motion picture machines and had had submitted to it numerous related inventions including Lannerd's. The opposing affidavit refers to several prior art inventions sufficient to raise a doubt as to whether plaintiffs' inventions are basically new in their field. There is no reason to suppose that the danger is imminent that the Lannerd patent will be encumbered by assignment, mortgage, license or otherwise. In the present state of the case it is not sufficiently clear that the plaintiffs will ultimately succeed nor that there is need for a preliminary injunction, to warrant the court at this time in allowing so drastic a remedy. If circumstances hereafter come to light to justify an injunction, on a proper showing, the court will entertain such a motion.

Motion denied.