**ROBINSON et al. v. WAYNE et al.**

No. 8236.

United States Court of Appeals for the
District of Columbia.

Decided May 29, 1943.

Mr. Benjamin B. Schneider, of Chicago,
Ill., with whom Mr. Lee B. Kemon, of
Washington, D. C., was on the brief, for ap-
pellants.

Mr. John H. Sutherland, of St. Louis,
Mo., pro hac vice, by special leave of court,
with whom Messrs. John H. Bruninga, of
St. Louis, Mo., and Charles E. Riordon, of
Washington, D. C., were on the brief, for
appellees.

Before PARKER, Circuit Judge, sitting
by designation, and MILLER and EDGER-
TON, Associate Justices.

MILLER, Associate Justice.

The important question of this appeal is
whether it appeared from appellant's com-
plaint in the District Court that there were
adverse parties to the suit, residing in a
plurality of districts not embraced within
the same state.[1]  Following a three-party
interference proceeding in the Patent Office,

---

[1] 35 U.S.C.A. § 72a: "Upon the filing
of a bill in the district court of the Unit-
ed States for the District of Columbia
wherein remedy is sought under section
63 or section 66 of this title, without
seeking other remedy, if it shall appear
that there is an adverse party residing in
a foreign country, or adverse parties re-
siding in a plurality of districts not em-
braced within the same State, the court

priority was awarded to appellant Robinson on two counts, and to appellee Wayne, on fifteen of the seventeen counts involved in the proceeding. Cannon, the third applicant, received no award. Robinson then commenced suit in the District Court, under Revised Statutes Section 4915,[2] joining with him, as plaintiff; The Texas Company, his assignee; and joining, as defendants, Wayne, Cannon, and the Standard Oil Development Company; which company, the complaint alleged, is the present owner of the Cannon application. Cannon resides in Houston, Texas, as does Wayne. Standard was incorporated in Delaware, and has a place of business in the Southern District of New York. If Standard is an adverse party, within the meaning of the statute,[3] then the District Court has jurisdiction, and appellants must succeed on this appeal.

The Court of Appeals for the Second Circuit has decided the question favorably to appellants' contention,[4] in the case of Nachod & United States Signal Co. v. Automatic Signal Corporation. But the trial judge, in the present case, decided in favor of the appellees, basing his decision expressly upon the dissenting opinion in the Nachod case. In our view, the position taken in the majority opinion in that case was correct; and we rest our decision, in part, upon its reasoning.

■ In addition, we note that the allegations of the complaint in the present case bring it even more clearly within the language of the applicable statute than was true in the Nachod case. There the question turned on the adverse interest of an *exclusive licensee*. Here the complaint alleged that Standard "is the present owner of the title to said application". The distinction is especially significant in that the dissenting judge recognized it in his opinion in the Nachod case, apparently conceding that an *assignee* or *owner* of an application is an adverse party.[5] We have no doubt that one who is "the present owner of the title" to one of the applications which were joined in an interference proceeding is an adverse party, within the meaning of the statute, when joined as a party in a Section 4915 proceeding to challenge the decision of the Patent Office.[6]

■ The point is made, also, that, as Cannon and Standard Oil Development Company did not appear and answer the complaint, there was actually no adversity of parties. However, the statute does not require that the adverse parties appear; neither does it make jurisdiction depend upon appearance. It provides, simply, that if, *upon the filing of a bill* it shall appear that there are adverse parties residing in a plurality of districts not embraced within the same State, the court shall have jurisdiction thereof. Obviously, the purpose of the statute is to make jurisdiction depend upon the situation which is revealed by the complaint. If the party upon whom the court's jurisdiction depends was, at that time, actually an adverse party, within the meaning of the statute, that is sufficient.[7]

shall have jurisdiction thereof * * *." 44 Stat. 1394, 49 Stat. 1921.

[2] 35 U.S.C.A. § 63.

[3] 35 U.S.C.A. § 72a.

[4] 105 F.2d 981.

[5] 105 F.2d 981, 984: "For years it has been the practice for an applicant who has been defeated in interference proceedings in the Patent Office to bring suit under this statute, making the person who won the interference proceeding *or his assignee* the party defendant. See Morgan v. Daniels, 153 U.S. 120, 14 S.Ct. 772, 38 L.Ed. 657. Prior to the Parker Rust Proof Co. case [Parker Rust Proof Co. v. Western Union Tel. Co., 2 Cir., 105 F.2d 976] it had not been suggested that an *exclusive licensee* under the adverse patent *must also be joined* as a defendant. The suit is ordinarily brought in the district whereof the *owner* of the prevailing application is an inhabitant, * * *." [Italics supplied]

[6] Hazeltine Corporation v. White, D.C. E.D.N.Y., 2 F.Supp. 94, affirmed, 2 Cir., 68 F.2d 715; see Muskrat v. United States, 219 U.S. 346, 357, 361, 31 S.Ct. 250, 55 L.Ed. 246; Old Colony Trust Co. v. Commissioner of Internal Revenue, 279 U.S. 716, 724, 49 S.Ct. 499, 73 L.Ed. 918; Wood-Paper Co. v. Heft, 8 Wall. 333, 75 U.S. 333, 336, 19 L.Ed. 379; Cleveland v. Chamberlain, 1 Black 419, 66 U.S. 419, 426, 17 L.Ed. 93. Cf. Coe v. Hobart Mfg. Co., 70 App.D.C. 2, 3, 102 F.2d 270, 271: "It is contended that the Commissioner, if not a necessary party, is at least a proper and therefore an adverse party. But even if he were a proper party to a suit to review his award of priority, we think he would not be 'adverse' within the meaning of the statute. The Commissioner has not the slightest interest adverse to plaintiff; *whether plaintiff or defendant gets a patent, the Commissioner neither gains nor loses.*" [Italics supplied]

[7] Hart v. B. F. Keith Vaudeville Exchange, 262 U.S. 271, 273, 43 S.Ct. 540,

If he chooses, thereafter, to default, that does not deprive the court of jurisdiction.

When Wayne's appearance in the District Court revealed that Visco Products Company is the exclusive licensee under Wayne's application, and that Visco is a resident of Delaware, appellants were entitled to join that company as a defendant. Their motion to amend should, therefore, have been granted.

The purpose of the statute is to make possible the adjudication of all issues involved, between all adverse parties, in one proceeding and in one forum.[8] The District of Columbia was selected by Congress as being the forum in which this fundamental objective of equity can best be achieved, when adverse parties reside in a plurality of districts not within the same state. That prerequisite having been satisfied in the present case, the District Court for the District of Columbia has jurisdiction. The case will be remanded, therefore, with instructions to proceed consistently with this opinion.

Reversed.

541, 67 L.Ed. 977: "The jurisdiction of the District Court is the only matter to be considered on this appeal. That is determined by the allegations of the bill, and usually if the bill or declaration makes a claim that if well founded is within the jurisdiction of the Court it is within that jurisdiction whether well founded or not." Geneva Furniture Co. v. S. Karpen & Bros., 238 U.S. 254, 258, 259, 35 S.Ct. 788, 59 L.Ed. 1295.

[8] Underwood, Interference Practice (1928) § 164, pp. 418, 419.