**VIETTI et al. v. WAYNE et al.**

No. 8235.

United States Court of Appeals for the District of Columbia.

Decided May 29, 1943.

Mr. Benjamin B. Schneider, of Chicago, Ill., with whom Mr. Lee B. Kemon, of

Washington, D. C., was on the brief, for appellants.

.Mr. John H. Sutherland, pro hac vice, of St. Louis, Mo., by special leave of court, with whom Messrs. John H. Bruninga, of St. Louis, Mo., and Charles E. Riordon, of Washington, D. C., were on the brief, for appellees.

Before PARKER, Circuit Judge, sitting by designation, and MILLER and EDGERTON, Associate Justices.

MILLER, Associate Justice.

This is a companion case to Robinson et al. v. Wayne et al., —— U.S.App.D.C. ——, 136 F.2d 767, decided this day. It involves the same fundamental question concerning adverse parties. For the reasons set out in our opinion in that case, our decision is the same in the present case, so far as it involves that question. In this case, however, there is an additional question, which arises out of the following facts: The interference proceeding in the Patent Office involved eight counts; upon an application of Wayne, under which Visco is an exclusive licensee; an application of Vietti and Garrison, assigned to The Texas Company; and an application of Cannon, assigned to Standard Oil Development Company. The award of the Patent Office was to Wayne on six counts; to Vietti and Garrison on one count, and to Cannon on one count.

Appellees contend that the count awarded to Cannon and Standard is for subject matter separable from the subject matter of the remaining counts; that Cannon and Standard have, at most, an interest which is separable from that of Wayne, and should not be joined in the same suit with Wayne, as parties defendant. The theory of this contention is that every claim in an application for patent represents a separate invention; that in controversies concerning such claims each claim involves a separate controversy; and that separable controversies are wholly determinable between the parties thereto.

▇ While each of the propositions asserted, standing alone, is correct for certain purposes, the result contended for by appellees does not follow. The fact that certain defendants *may be* sued separately does not necessarily *require* that they be sued separately.[1] The very purpose of the applicable statute[2] in the present case is to permit the bringing together, in one proceeding, of all parties whose interests are adverse; whether their adversity arises out of interfering patents[3] or because they were adverse parties in an interference proceeding;[4] in order that the interests of all may be determined. For this purpose the controversy is inseparable.[5]

▇ The important consideration is not, as appellees contend, what the Patent Office awarded at the conclusion of the interference proceeding. It is, instead, what the parties to the interference claimed. Appellants claimed, and alleged in their complaint in the District Court, that Vietti and Garrison are the "original, first, and joint inventors of *the subject matter of said interference as defined in the above counts.*" [Italics supplied] In the prayer of their complaint they asked the District Court to decree that they are the first inventors of the subject matter of *all* counts. The case is one which comes clearly within the statute, and the District Court had jurisdiction of it.

Reversed.

---

[1] Pullman Co. v. Jenkins, 305 U.S. 534, 538, 59 S.Ct. 347, 83 L.Ed. 334. See also, Geneva Furniture Co. v. Karpen, 238 U.S. 254, 258, 259, 35 S.Ct. 788, 59 L.Ed. 1295.

[2] 35 U.S.C.A. § 72a, 44 Stat. 1394, 49 Stat. 1921.

[3] 35 U.S.C.A. § 66.

[4] 35 U.S.C.A. § 63.

[5] Hazeltine Corp. v. White, 2 Cir., 68 F.2d 715, 716, 717.