### BENEDICT v. HALL et al.

(District Court, N. D. Iowa, Cedar Rapids Division. October 5, 1920.)

No. 42.

**Removal of causes ☞118—Court may require reformation of pleadings.**

Where the pleadings in a suit removed to a federal court do not conform to the equity rules of that court and raise issues not within its jurisdiction, the parties may properly be required to reform such pleadings before determining their sufficiency.

In Equity. Suit by James Z. Benedict against J. S. Hall and the Hall Manufacturing Company. On motions to strike parts of answer and to dismiss counts of petition. Order to reform pleadings.

Crissman & Linville and Geo. C. Claassen, all of Cedar Rapids, Iowa, for plaintiff.

E. E. Reed, of Monticello, Iowa, for defendants.

REED, District Judge. Submitted on motion of the plaintiff to strike parts of defendants' answer, and defendants' motion to dismiss counts 1 and 2 of the petition, upon the grounds that neither count states a cause of action arising under the patent laws of the United States, and not within the jurisdiction of this court.

The bill, or petition, was filed September 11, 1919, is apparently drawn under the equity rules prior to those adopted in 1912, which became effective February 1, 1913, is in two counts, and embraces what may be called both equitable and legal causes of action. Count 1 is lengthy, embraces several divisions and paragraphs, to which the defendants have filed motions for more specific statements as to some of the divisions, and to dismiss others upon the ground that they state no grounds for equitable relief; and to count 2 upon the further

ground that the matters affirmatively show that the cause of action, if any therein alleged, is not within the jurisdiction of this court, is wholly between citizens of the state of Iowa, and alleges no grounds within the jurisdiction of this court; and further states that the causes of action, if any alleged in the petition, are barred by the statute of limiations, and prays that the petition be dismissed at plaintiff's cost. Defendants also allege payment of certain items claimed by the plaintiff from the defendants.

In general, this is a brief statement of the causes of action alleged in the petition and of the motions and answer of the defendants thereto; and the statements of the petition as alleged need not be more specifically stated. The defendants in their answer also deny generally the allegations of the petition, and that they have paid many of the claims alleged by the plaintiff, for which he seeks to recover from the defendants.

In March, 1915, an action was commenced in the district court of Iowa in and for Jones county against the Hall Manufacturing Company, a corporation of Iowa, and some of its members, in four counts, each of which seeks to recover from the defendants damages in behalf of one James Z. Benedict for a breach of a written contract alleged to have been made between said Benedict and the defendant Hall, whereby Hall agreed to pay Benedict certain royalties upon the manufacture and sale of certain patented articles and devices covered by patent or patents of the United States to said Benedict. The petition alleges that Benedict had assigned one of his patents at least to said Hall as a licensee, to enable him to manufacture and sell the patented device or devices for the royalties Hall was to pay him thereon.

It is alleged, among other things, that defendant Hall formed a corporation, under the name of Hall Manufacturing Company, under the laws of Iowa, to manufacture and sell the patented devices; that the corporation was doing so, but that all defendants had failed to pay the royalties to which Benedict claimed to be entitled; and numerous interrogatories were attached to the petition, which it was asked that the Halls be required to answer. In neither count is there any claim for the infringement of any patent, or the statement of any cause of action within the jurisdiction of this court, and this is specifically so alleged in a petition for removal subsequently filed by the defendants for the removal of the cause to this court, but no diversity of citizenship is alleged in the petition for removal.

On September 18, 1915, which was a day in the May, 1915, term of court in Jones county, Benedict filed an amendment to his petition, not to any particular count or division thereof, but generally to all of them, in which for the first time there is a claim for an infringement of a patent, which plaintiff alleges in the original petition that he had assigned to the defendant Hall as a licensee. In the course of the proceedings in the state court, one of the Halls filed an amendment for an infringement of some patent issued to Benedict, in which Benedict claimed damages for an infringement of a trade-mark, and claimed to recover of Hall royalties upon articles manufactured and sold by the defendants, which are different from those authorized by the Benedict

patent, which are questions solely cognizable in the District Court of the United States, and that the district court of Jones county had no jurisdiction over such questions, and no power to try and determine the same. Paragraph 7 of this amendment to the petition is the only one, so far as can be discovered, in which it is claimed a cause of action is alleged for the infringement of a patent, and that paragraph is as follows:

"Plaintiff further represents and shows: That the defendants, instead of proceeding to manufacture the various improvements and articles referred to in the contract and in the letters patent, failed and neglected to make the wire stretchers and horse blocks in strict accord with said patent, but for the purpose of defrauding the plaintiff herein made slight changes, in order to prevent payments of royalties, which changes were injurious to said patented articles, thereby injuring the sale thereof to a large extent, and generally damaging the plaintiff herein. That defendant fraudulently and deceitfully, in order to mislead the public and to cover up the rights of the plaintiff to receive royalties, advertised plaintiff's improvement, and after the same had been well established in the market, and the defendants had received orders for them, defendants were substituting for the articles that were made properly under the patent improvements the articles they had made changes in."

Various other questions arose in that proceeding in the state court, and on October 5, 1915, the state court entered an order removing the cause to this court, and a transcript of the record was filed herein. Suffice it to say that this court, upon the removal of that cause hereto, entered an order remanding the same to the state court, upon the ground that it involved no question of which this court had jurisdiction, and the cause was thereupon remanded to the state court. A memorandum opinion and order of this court, remanding the cause to the state court, was filed in this court on March 7, 1917, and is now on file herein, to which reference is made for the facts as therein stated.

Instead of disposing of this case upon the motions of the respective parties filed by them, it is deemed advisable by the court to require the parties to reform their respective pleadings by amending the same; the plaintiff to amend his petition to conform to the requirements of the new equity rules Nos. 19 to 26, inclusive (198 Fed. xxiii, 115 C. C. A. xxiii, 201 Fed. v, 118 C. C. A. v; (see especially equity rule No. 20), and the defendants their answer to conform to the requirements of equity rules Nos. 29 and 30, the sufficiency of which as an answer or defense to the petition as so amended may be tested as provided in equity rule No. 33, if the plaintiff shall be advised to so do. The plaintiff may amend his petition within 30 days after the filing of this order, and the defendants their answer within 20 days thereafter; the parties may then proceed with their proofs in accordance with such rules.

The plaintiff attempts to join in his present petition causes of action against the defendants for royalties upon a contract for the assignment of the patent, and another for infringement of an alleged trade-mark, and for unfair competition in trade, of which it seems quite clear this court has no jurisdiction. See Hopkins, New Equity Rules, pp. 169–171, and cases cited; Chaffee v. Boston Belting Co., 22 How. 217, 223, 16 L. Ed. 240; Wright v. Barnard et al. (D. C.) 233 Fed. 329; Bloomer v. Millinger, 1 Wall. 340, 350, 17 L. Ed. 581; Shrauger &

Johnson v. Bernard (D. C.) 247 Fed. 548; Geneva Furniture Co. v. Karpen, 238 U. S. 254, 35 Sup. Ct. 788, 59 L. Ed. 1295, and cases cited. In the last cited case the Supreme Court said:

"It hardly needs statement .that the jurisdiction as limited and fixed by Congress cannot be enlarged or extended by uniting in a single suit causes of action of which the court is without jurisdiction with one of which it has jurisdiction. Upon this point the rule otherwise prevailing respecting the joinder of causes of action in suits in equity must of course yield to the jurisdictional statute."

Section 274b of the Judicial Code, 38 Stat. c. 90, p. 956 (Comp. St. § 1251b), provides:

"That in all actions at law equitable defenses may be interposed by answer, plea, or replication without the necessity of filing a bill on .the equity side of the court. The defendant shall have the same rights in such case as if he had filed a bill embodying the defense of seeking the relief prayed for in such answer or plea. Equitable relief respecting the subject-matter of the suit may thus be obtained by answer or plea. In case affirmative relief is prayed in such answer or plea, the plaintiff shall file a replication. Review of the judgment or decree entered in such case shall be regulated by rule of court. Whether such review be sought by writ of error or by appeal the appellate court shall have full power to render such judgment upon the records as law and justice shall require."

See New Equity Rules Nos. 22 and 23; Union Pacific Co. v. Syas, 246 Fed. 561, 158 C. C. A. 531; Curtiss Aeroplane & M. Corp. v. United Aircraft E. Corp (C. C. A.) 266 Fed. 71, 77.

An order may be entered, requiring the parties to amend their pleadings as above indicated; and it is accordingly so ordered.