## CITY OF DOTHAN, ALA., v. FIRST NAT. BANK OF DOTHAN.

### No. 6410.

Circuit Court of Appeals, Fifth Circuit.

Nov. 22, 1932.

O. S. Lewis, of Dothan, Ala., for appellant.

B. G. Farmer, A. K. Merrill, and T. M. Espy, all of Dothan, Ala., for appellee.

Before BRYAN, FOSTER, and WALKER, Circuit Judges.

WALKER, Circuit Judge.

In July, 1927, the appellee, the First National Bank of Dothan, Ala., filed its original bill in equity, which named as sole defendant the tax collector of Houston county, Ala. That bill alleged that state and county taxes amounting to $3,921.90 assessed against shares of the capital stock of the appellee, and then in the hands of said tax collector for collection, were illegal because they were at a greater rate than was assessed upon other moneyed capital in the hands of individual citizens of the state of Alabama coming into competition with the business of national banks (12 USCA § 548, subd. 1 (b); and the bill prayed that said tax collector be enjoined and restrained from collecting said 1927 taxes. That bill also contained allegations as to the payment of similar taxes assessed for the years 1922, 1923, 1924, 1925, and 1926, which were illegal on the same ground, and prayed judgment against the tax collector for the sums so wrongfully assessed and collected, with interest thereon. The appellee filed an amendment to its bill, which made the city of Dothan, its clerk, and its auditor parties defendant. That amendment alleged in effect that municipal taxes assessed for the year 1927 against shares of the capital stock of appellee, amounting to $973.61, and then in the hands of the defendants for collection, were illegal because they were at a greater rate than was assessed upon other moneyed capital in the hands of individual citizens of Alabama coming into competition with the business of national banks; and the amendment prayed that the city of Dothan be restrained and enjoined from collecting said tax assessed for the year 1927. That amendment also contained allegations as to the payment of similar municipal taxes assessed for the years 1922, 1923, 1924, 1925, and 1926, aggregating more than $3,000 in amount, which were illegal on the same ground, and prayed judgment against the city of Dothan for the sums so wrongfully assessed and collected, with interest thereon. The appellant filed a motion to dismiss the amendment to the bill for lack of jurisdiction. It also filed a motion to dismiss the amended bill because of a misjoinder of parties defendant and causes of action. The court denied those motions. After the filing of answers and the taking of evidence, the court rendered a decree whereby defendants named in the original bill and in the amendment thereto were restrained and enjoined pursuant to prayers thereof, and judgments were rendered for the amounts of taxes against shares of appellee's capital stock found to have been assessed for previous years and collected by the county of Houston and the city of Dothan.

The original bill involved only state and county taxes assessed against shares of the capital stock of the appellee bank. The city of Dothan and its officers were not interested in those taxes or in the granting or denial of relief sought by the original bill. The municipal taxes sought to be brought into question by the amendment to the bill were the result of separate and independent municipal action, being levied and assessed by the municipality, acting on its own initiative. Code of Alabama, 1923, § 2124 et seq. This was none the less so because the municipal assessment, pursuant to a provision of the Constitution of Alabama, § 216, was based on the value of the property affected as assessed for state taxation during the preceding year.

The amendment brought into the suit new parties defendant against whom was asserted a liability wholly different from that asserted against the original defendant. The cause of action, cognizable in equity, which was asserted by the amendment, was based on the alleged state of facts giving rise to a right to equitable relief by injunction to restrain the enforcement of alleged illegally assessed municipal taxes. That cause of action was not within the ju-

risdiction of the court because the matter in controversy did not exceed, exclusive of interest and costs, $3,000; the municipal taxes sought to be enjoined being less than $1,000. 28 USCA § 41 (1). Even if, under equity rule 26 (28 USCA § 723), the new cause of action, cognizable in equity, though not one asserted against the original defendant, might have been asserted by amendment to the original bill if it was within the court's jurisdiction, it was not assertable in the suit because it was one not within the jurisdiction of the court. That rule does not enable a court in which is pending a suit within its jurisdiction to take cognizance of a cause of action which is not within its jurisdiction. Geneva Furniture Co. v. Karpen, 238 U. S. 254, 35 S. Ct. 788, 59 L. Ed. 1295; Vose v. Roebuck Weather Strip & Wire Screen Co. (D. C.) 210 F. 687; Unit Const. Co. v. Huskey Mfg. Co. (D. C.) 241 F. 129; Benedict v. Hall (D. C.) 267 F. 1013, 1015. The cause of action, cognizable in equity, asserted by the amendment, was not shown to be within the court's jurisdiction by the allegations as to the collection in previous years of illegally assessed municipal taxes amounting in the aggregate to more than $3,000, for the amount of which judgment was prayed. The right of a court of equity to enforce purely legal demands for the purpose of granting full relief is dependent upon it having properly acquired jurisdiction of a cause for the purpose of affording equitable relief. Hopkins v. Grimshaw, 165 U. S. 342, 358, 17 S. Ct. 401, 41 L. Ed. 739; Tayloe v. Merchants' Fire Ins. Co., 9 How. 390, 405, 13 L. Ed. 187. The separate and distinct equitable cause of action asserted by the amendment, not being within the court's jurisdiction by reason of the matter in controversy not exceeding $3,000, exclusive of interest and costs, was not subject to be joined with the cause of action asserted by the original bill.

The amendment to the bill had the effect of bringing into the suit as defendants parties who had no interest in the subject-matter of the suit as originally brought; those parties being unconnected in interest or liability with the original party defendant. Even if the separate and distinct equitable cause of action asserted by the amendment was within the court's jurisdiction, the appellant was not subject against its will to be made a party defendant to a suit in which it had no interest. Gaines v. Chew, 2 How. 619, 643, 644, 11 L. Ed. 402.

Because of the above-indicated errors, the decree is reversed, and the cause is remanded for further proceedings not inconsistent with this opinion.

Reversed.