## WESTERN POWDER MFG. CO. v. INTER-STATE COAL CO.

### No. 204-D.

District Court, E. D. Illinois.
Jan. 8, 1934.

Geo. W. Dowell, of Du Quoin, Ill., Leal W. Reese. of Taylorville, Ill., Oral P. Tuttle, of Harrisburg, Ill., Nobel Y. Dowell, of East Peoria, Ill., and C. C. Dreman, of Belleville, Ill., for petitioners.

Thurlow G. Lewis, of Benton, Ill., for defendant Rea.

Gillespie, Burke & Gillespie, of Springfield, Ill., for interveners.

West & Eckhart, of Chicago, Ill., for receivers.

LINDLEY, District Judge.

The original bill herein, filed some years ago, resulted in the appointment of receivers for the Interstate Coal Company. The court's administration of the property has ensued. Among the assets is a shaft coal mine at West Frankfort known as "Mine No. 21." Prior to the filing of the petition herein, the receivers of the coal company had by written instrument, duly authorized by the court, leased the mine and all its equipment to one Herman Rea upon a royalty basis. Rea was, at the time of the filing of petition in possession of the property, employing a number of men who were engaged in cleaning up the mine and getting it ready for operation, and since the filing of the petition he has begun to operate it by producing coal. Over the mine the court has no jurisdiction except such as is necessary to protect the collection of rentals from the lessee. The receivers have no part in the operation or management of the property.

The petitioners intervening in the original suit, filed on or about December 1, 1933, their petition, which was later amended, reciting that they are employees at the mine; that the same had been closed since March 28, 1933, when an operating receiver appointed by the court ceased operation; that directly prior to the closing, the employees, including petitioners, had mined coal, some of it loaded in cars and some lying in the rooms, ready to be hoisted to the top; that the pay roll for producing same has not been paid; and that they are entitled to have said mined coal applied upon such pay roll.

Petitioners further allege that they are members of the Progressive Miners of America and have elected officers whom they have chosen to represent them in collective bargaining; that Rea, the lessee, and others, attempting to operate the mine, are violating the Code of Fair Competition for the bituminous coal industry adopted pursuant to the provisions of the National Industrial Recovery Act (48 Stat. 195), in that Rea has made a contract with the United Mine Workers of America to employ the members thereof in the mine and refuses to employ petitioners who are members of an opposing union, namely, Progressive Miners of America; that petitioners have a right to organize and bargain collectively and cannot be required, as a condition of employment, to join any company union or to refrain from joining, organizing, or assisting a labor organization of their own choosing; and that defendants have re-

fused to permit the petitioners to work unless they would renounce their membership in the Progressive organization.

The petition seeks to restrain the receivers from disposing of the coal mined by petitioners without applying the same upon indebtedness due them; to restrain all defendants from violating the Code of Fair Competition, and especially from employing persons to take the places formerly held by petitioners; and to restrain Rea from operating until they shall have been paid what was owing them from the operating receiver under the former operation.

Thus it appears that the petition is twofold: First, the petitioners seek a decree of this court which will direct the receivers to apply the proceeds of the coal mined to the application of the employees' debts; second, they seek to restrain the person operating the mine, namely, the lessee Rea from employing only United Mine Workers.

The United Mine Workers were allowed to intervene and become parties defendant, so that the present defendants are the receivers, the lessee Rea, and the United Mine Workers of America.

The defendants assert that two or more causes of action are joined over which the court has no jurisdiction which may be invoked in a proceeding dependent upon another equity cause; that the controversy between the petitioners and Rea as lessee is not properly the subject of a dependent or ancillary proceeding in the original cause and pertains in no way to the administration of the estate, but is a controversy wholly between persons not parties to the original suit; that the court now has no jurisdiction over the operation of the property; that the relief sought against Rea and the United Mine Workers may not be granted except upon application of the United States attorney; that the controversy involves a labor dispute between employees and employer as defined by the Norris-La Guardia Act, the conditions precedent to a court action under which have not been complied with.

The court heard evidence submitted by the parties and reserved action upon motions to dismiss until disposal of the case upon its merits.

■ As to the controversy between petitioners on the one hand, and the lessee Rea and the United Workers on the other, it is apparent at the threshold that there is a very serious question as to the right of petitioners to invoke the jurisdiction of the court under the provisions of the National Industrial Recovery Act. Section 3, cl. (c), of that act, 15 USCA § 703 (c) is as follows: "The several district courts of the United States are hereby invested with jurisdiction to prevent and restrain violations of any code of fair competition approved under this chapter; and it shall be the duty of the several district attorneys of the United States, in their respective districts, under the direction of the Attorney General, to institute proceedings in equity to prevent and restrain such violations." For precedents in interpretation we turn to the decisions under the Sherman Anti-Trust Act. We find that clause (c) of the National Industrial Recovery Act above quoted is identical with section 4 of the Sherman Anti-Trust Act (15 USCA § 4), in that both provide that the several district courts of the United States are vested with jurisdiction to prevent and restrain violations. At the end of each it is provided that: "And it shall be the duty of the several district attorneys of the United States, in their respective districts, under the direction of the Attorney General, to institute proceedings in equity to prevent and restrain such violations."

Consequently we must accept the decisions of the Supreme Court of the United States upon the Sherman Anti-Trust Act as to the right of private individuals to sue for injury for violation of that act as authoritative upon this branch of the case at bar. Without quoting from cases at length, we find that in Minnesota v. Northern Sec. Co., 194 U. S. 48, 24 S. Ct. 598, 48 L. Ed. 870; Wilder Mfg. Co. v. Corn Products Co., 236 U. S. 165, 35 S. Ct. 398, 59 L. Ed. 520, Ann. Cas. 1916A, 118; General Investment Co. v. Lake Shore & Michigan Southern R. Co., 260 U. S. 261, 43 S. Ct. 106, 67 L. Ed. 244; Paine Lumber Co. v. Neal et al., 244 U. S. 459, 37 S. Ct. 718, 61 L. Ed. 1256, the court has repeatedly held that it was the intention of Congress to limit proceedings in equity to prevent or restrain such violations of the Anti-Trust Act as caused injury, to suits instituted in the name of the United States by attorneys of the United States, acting under the direction of the Attorney General, thus securing the enforcement of the act, so far as direct proceedings in equity are concerned, according to a uniform plan operative throughout the entire country. In Paine v. Neal, supra, there was dissenting opinion, the writer of which took the position that for an individual wrong a private citizen should have a right to bring an action in equity; but the majority of the court held to the contrary that the remedy un-

der section 4 of the Sherman Anti-Trust Act (15 USCA § 4), created by Congress in exactly the same language as is the cause of action in the government under the National Recovery Act, was exclusive. It follows that petitioners, as private individuals, have no right to maintain this branch of the case and that it must fail for want of proper parties.

In accordance with this conclusion is the opinion of Judge FitzHenry in the recent case of Stanley v. Peabody Coal Co., 5 F. Supp. 612, in the Southern District of this state, wherein he said: "From a consideration of the construction placed upon the precise words used in paragraph (c) of section 3, of the National Industrial Recovery Act, 15 USCA § 703 (c), when those words were used in section 4 of the Anti-Trust Act (15 USCA § 4), we are compelled to hold that a private individual cannot maintain a suit for an injunction under paragraph (c) of section 3, especially such an injunction as is here sought."

In another recent case, Purvis et al. v. Bazemore, 5 F. Supp. 230, in the Southern District of Florida, Judge Akerman came to a similar conclusion. After quoting clause (c) of section 3 of the National Recovery Act, 15 USCA § 703 (c), Judge Akerman said: "This clause, in my opinion, contemplates that actions to restrain violations of the National Industrial Recovery Act should be brought by the United States acting through its district attorneys and not by any individual members of an industry, and the district attorney is not movant here, but persons engaged in the same industry are complainants, and I do not believe they have any standing in court to ask for an injunction under the National Industrial Recovery Act."

█ Were it necessary, the court might well find that this branch of the case is not dependent upon the original proceeding and that the court has no jurisdiction in such a dependent proceeding to grant the relief prayed. Ordinarily the law does not enable the court in which is pending a suit within its jurisdiction to take cognizance in a dependent manner of a cause of action which is not before him. See City of Dothan, Ala., v. First Nat. Bank of Dothan (C. C. A.) 61 F.(2d) 685; Gener-

al Motors v. Rubsam Corporation (C. C. A.) 65 F.(2d) 217. But it is not necessary to go into this phase of the question in view of the conclusion that the suit, so far as the relief hereinbefore considered is concerned, may not be invoked by private parties. For the same reason it is not necessary to discuss any question of the constitutionality of the National Industrial Recovery Act or the serious question as to whether or not the petitioners are within the category of employees as contemplated by the act.

█ It should be observed, however, that the National Industrial Recovery Act provides machinery for the determination of labor controversies. Administrative boards have been created for the purpose of settling such controversies, and as Judge FitzHenry pointed out in Stanley v. Peabody Coal Co., supra, the court has no jurisdiction of such controversies until the administrative remedies have been exhausted.

██ It appears that the receivers have on hand realized from the coal at the bottom of the mine at the time of the last operation $200, which represents the proceeds of sale of coal identified as coal mined by the petitioners. There was approximately 87 tons. For the production of same such of the petitioners as can be identified as having mined the same should be compensated for their labor to the extent possible. Therefore, it is only equitable that there be provision by this decree for the receivers to pay to the petitioners the sum of $200 to apply upon wages due for the production of the coal in accordance with their respective productions of coal not sold at the time the lease was made. The exact figures will appear in the exhibits offered in court. Apparently this branch of the case seeks relief dependent upon the original proceedings and involves a matter of administration of the assets. The court, therefore, has jurisdiction of the same.

It will be the order of the court, therefore, that the amended petition be dismissed for want of equity in so far as relief is prayed against Rea and the United Mine Workers, and that the $200 be paid to the petitioners in accordance with this opinion. Proper decree may be submitted.