**PROGRESSIVE MINERS OF AMERICA, LOCAL UNION NO. 109, et al. v. PEABODY COAL CO. et al.**

**No. 5309.**

Circuit Court of Appeals, Seventh Circuit.

Feb. 6, 1935.

George W. Dowell, of Du Quoin, Ill., Leal W. Reese and D. W. Johnston, both of Taylorville, Ill., N. Y. Dowell, of East Peoria, Ill., C. C. Dreman, of Belleville, Ill., and Oral P. Tuttle, of Harrisburg, Ill., for appellants.

George Gillespie, Edmund Burke, and Louis F. Gillespie, all of Springfield, Ill., for appellee United Mine Workers of America.

Thurlow G. Essington, George B. McKibbin, and Walter E. Beebe, all of Chicago, Ill., for appellee Peabody Coal Co.

Before EVANS, SPARKS, and FITZ HENRY, Circuit Judges.

SPARKS, Circuit Judge.

This appeal presents the question of the right of private individuals to maintain an action to enjoin an alleged violation of the National Recovery Act (48 Stat. 195) and to vacate certain orders of the administrative boards created to handle such controversies as were here involved.

Complainants, the appellants in this proceeding, brought a bill in equity in their representative capacity, seeking to enjoin what they designated here as a civil conspiracy to deprive them of rights alleged to be conferred upon them by the National Industrial Recovery Act. They joined as parties defendant the Peabody Coal Company, the United Mine Workers of America, and four individuals named as officers of that organization. Following a very voluminous bill of complaint, the facts of which are fully set forth in the opinion of the District Court, Progressive Miners v. Peabody Coal Co., 7 F. Supp. 340, they made the following prayer for relief:

"Wherefore, plaintiffs demand judgment enjoining and restraining, during the pendency of this action and permanently, the defendants, their officers, agents and representatives, from taking or carrying out any plan, program or action for negotiation between the defendants to deprive the employees of the defendant, Peabody Coal Company, from having the right to organize and bargain collectively, through representatives of their own choosing, and from interference, restraint or coercion of employees in the designation of such representatives or in self-organization or in other concerted activities for the purpose of collective bargaining, or other mutual aid or protection, and from requiring as a condition of employment that said employees join a union or to refrain from joining, organizing or assisting a labor organization of said employees own choosing, and to restrain the defendants from violating the Code of Fair Competition, wherein they are threatening to interrupt, have interrupted and are impairing the efficient operation of these mines, to the extent as to restrain Interstate Commerce in the products thereof, and from denying the employees of the Peabody Coal Company their employment because of their activities for an organization of their choice, and from taking any steps or action in violation of public policy and the said provisions of the President's Re-Employment Agreement, the National Industrial Recovery Act and the Code of Fair Competition for the Bituminous Coal Industry, as aforesaid, or the Constitution of the United States; and that said employer be required to replace each of said employees to work at his regular place of employment; and that the orders and decrees of the Divisional Bituminous Coal Labor Board and the National Bituminous Coal Labor Board made on the 4th day of January, 1934, and the 21st day of February, 1934, respectively, be set aside and declared null and void; and shall grant such other and further relief in the premises as equity may require and to the court may seem proper, with the cost of this action."

The bill was dismissed on appellees' motion, for want of necessary parties, and for want of jurisdiction.

It appears from the prayer for relief that the sole basis for the suit lay in the provisions of the National Industrial Recovery Act. We agree with the conclusion of the District Court that it did not have jurisdiction of the controversy under this act. This conclusion was based on the ground that where a statute gives a new right and declares the remedy, anyone seeking or relying on the right so given is confined for his remedy to that which is prescribed in the statute. Section 3 (c) of the National Industrial Recovery Act (15 USCA § 703 (c) invests the district courts with jurisdiction to prevent and restrain violations of any code of fair competition approved under the act, and makes it the duty of the district attorneys under the direction of the Attorney General to institute proceedings in equity to prevent and restrain such violations. The language used in this section is identical with that of section 4 of the Sherman Anti-Trust Act (15 USCA § 4) which has been construed to confer no right upon individuals to enforce the act. See State of Minnesota v. Northern Securities Co., 194 U. S. 48, 24 S. Ct. 598, 48 L. Ed. 870; D. R. Wilder Manufacturing Co. v. Corn Products Co., 236 U. S. 165, 35 S. Ct. 398, 59 L. Ed. 520, Ann. Cas. 1916A, 118; General Investment Co. v. Lake Shore & Michigan Southern Railway Co., 260 U. S. 261, 43 S. Ct. 106, 67 L. Ed. 244; Paine Lumber Co. v. Neal, 244 U. S. 459, 37 S. Ct. 718, 61 L. Ed. 1256; Geddes v. Anaconda Copper Mining Co., 254 U. S. 590, 41 S. Ct. 209, 65 L. Ed. 425. The District Court was therefore correct in ruling that only the district attorney had the power or right to bring the suit here sought to be maintained. See also, Stanley v. Peabody Coal Co. (D. C.) 5 F. Supp. 612; Western Powder Manufacturing Co. v. Interstate Coal Co. (D. C.) 5 F. Supp. 619; Purvis v. Bazemore (D. C.) 5 F. Supp. 230.

In addition to the rights alleged to be conferred upon them by the National Industrial Recovery Act, appellants also contend that they have a cause of action under the Norris Act, § 7, 29 USCA § 107. We think, however, that they have misconstrued the purposes of this act. We do not understand that it confers any new jurisdiction upon the courts to grant injunctions in controversies between employers and employees, but rather that it limits the jurisdiction previously exercised by the courts in such controversies. Therefore, appel-

lants would have to show a cause of action independent of this act in order to bring themselves within its provisions as to the manner in which injunctions in labor disputes may be granted.

Decree affirmed.