300 F.2d 863
 Joe ADDISON, Appellant,
v.
The GRAND LODGE OF the INTERNATIONAL ASSOCIATION OF MACHINISTS, an unincorporated international labor organization; Aeronautical Industrial District Lodge 727, a California unincorporated local labor organization, et al., Appellees.
 No. 17571.
 United States Court of Appeals Ninth Circuit.
 March 24, 1962.
 
 Daniel A. Schiffer, North Hollywood, Cal., for appellant.
 No appearances for appellee.
 Before BARNES and JERTBERG, Circuit Judges, and PENCE, District Judge.
 JERTBERG, Circuit Judge.
 
 
 1
 Before us is an appeal from a judgment of dismissal of an action for lack of jurisdiction over the subject matter. The action was dismissed by the District Judge sua sponte before service of process upon any of the appellees.
 
 
 2
 Appellant asserted jurisdiction of the action in the United States District Court under Section 102 of the Labor-Management Reporting and Disclosure Act of 1959, Public Law 86-257, hereinafter referred to as the "LMRDA," 29 U.S.C.A. § 401 et seq., and also upon 28 U.S.C.A. § 1331.
 
 
 3
 The jurisdiction of this Court is predicated upon Title 28 U.S.C.A. §§ 1291, 1292.
 
 
 4
 The verified complaint contains five counts embracing 34 pages, and many exhibits are annexed thereto.
 
 
 5
 The sole question presented on this appeal is whether the allegations contained in the complaint are sufficient to invoke the jurisdiction of the District Court.
 
 
 6
 The order dismissing appellant's action may be summarized as follows:
 
 
 7
 1. The record does not disclose complete diversity of citizenship between the parties;
 
 
 8
 2. There appears no claim or cause of action asserted in the complaint which arises under the Constitution, laws or treaties of the United States;
 
 
 9
 3. The complaint, although containing a short and plain statement of the grounds upon which it is claimed the District Court's jurisdiction depends, does not comply with Rule 8(a) (2) of Fed.R.Civ.P., 28 U.S.C.A., and it does not appear, from what is alleged, that any actionable claims or causes of action which appellant may have, are Federal in character, but rather that they arise under State law and may properly be prosecuted in the State Courts; and
 
 
 10
 4. Appellant attempts to assert claims arising under the Labor-Management Reporting and Disclosure Act of 1959 but fails to plead facts necessary to bring his claim within that statute.
 
 
 11
 The provisions of the Labor-Management Reporting and Disclosure Act of 1959, Title 29 U.S.C.A. § 401 et seq., pertinent to our review, are:
 
 
 12
 1. Section 2 of the Act contains the declaration of findings, purposes and policy in the enactment of the legislation;
 
 
 13
 2. Section 3 contains definitions of words and phrases appearing in the Act. Section 3(i) defines the term "labor organization" to mean a labor organization engaged in an industry affecting commerce which exists for the purpose of dealing with employers concerning grievances, labor disputes, etc. Under Section 3 (j) (2), a labor organization is deemed to be engaged in an industry affecting commerce if it is a national or international labor organization or a local labor organization recognized or acting as the representative of employees of an employer engaged in an industry affecting commerce; or (3) has chartered a local labor organization which is representing employees of employers. Section 3 (o) defines "member" or "member in good standing" to include any person who has fulfilled the requirements for membership in a labor organization, and who neither has voluntarily withdrawn from membership nor has been expelled or suspended from membership after appropriate proceedings consistent with lawful provisions of the constitution and bylaws of such organization.
 
 
 14
 3. Title I is designated "Bill of Rights of Members of Labor Organizations." Section 101 of the Act, in pertinent parts, provides:
 
 
 15
 "Sec. 101. Bill of rights
 
 
 16
 "(a) (1) Equal rights. — Every member of a labor organization shall have equal rights and privileges within such organization to nominate candidates, to vote in elections or referendums of the labor organization, to attend membership meetings, and to participate in the deliberations and voting upon the business of such meetings, subject to reasonable rules and regulations in such organization's constitution and bylaws.
 
 
 17
 "(2) Freedom of speech and assembly. — Every member of any labor organization shall have the right to meet and assemble freely with other members; and to express any views, arguments, or opinions; and to express at meetings of the labor organization his views, upon candidates in an election of the labor organization or upon any business properly before the meeting, subject to the organization's established and reasonable rules pertaining to the conduct of meetings; Provided, That nothing herein shall be construed to impair the right of a labor organization to adopt and enforce reasonable rules as to the responsibility of every member toward the organization as an institution and to his refraining from conduct that would interfere with its performance of its legal or contractual obligations.
 
 
 18
 * * * * * *
 
 
 19
 "(4) Protection of the right to sue. — No labor organization shall limit the right of any member thereof to institute an action in any court, or in a proceeding before any administrative agency, irrespective of whether or not the labor organization or its officers are named as defendants or respondents in such action or proceeding, or the right of any member of a labor organization to appear as a witness in any judicial, administrative, or legislative proceeding, or to petition any legislature or to communicate with any legislator: Provided, That any such member may be required to exhaust reasonable hearing procedures (but not to exceed a four-month lapse of time) within such organization, before instituting legal or administrative proceedings against such organizations or any officer thereof: And provided further, That no interested employer or employer association shall directly or indirectly finance, encourage, or participate in, except as a party, any such action, proceeding, appearance, or petition.
 
 
 20
 "(5) Safeguards against improper disciplinary action. — No member of any labor organization may be fined, suspended, expelled, or otherwise disciplined except for nonpayment of dues by such organization or by any officer thereof unless such member has been (A) served with written specific charges; (B) given a reasonable time to prepare his defense; (C) afforded a full and fair hearing.
 
 
 21
 "(b) Any provision of the constitution and bylaws of any labor organization which is inconsistent with the provisions of this section shall be of no force or effect."
 
 
 22
 4. Sec. 102 is entitled "Civil enforcement" and provides, as follows:
 
 
 23
 "Any person whose rights secured by the provisions of this title have been infringed by any violation of this title may bring a civil action in a district court of the United States for such relief (including injunctions) as may be appropriate. Any such action against a labor organization shall be brought in the district court of the United States for the district where the alleged violation occurred, or where the principal office of such labor organization is located."
 
 
 24
 5. Sec. 103 is entitled "Retention of existing rights" and reads, as follows:
 
 
 25
 "Nothing contained in this title shall limit the rights and remedies of any member of a labor organization under any State or Federal law or before any court or other tribunal, or under the constitution and bylaws of any labor organization."
 
 
 26
 We have concluded that the jurisdiction of the District Court was properly invoked by the allegations contained in Count 1 and, therefore, deem it unnecessary to review the sufficiency of the allegations contained in the remaining counts.
 
 
 27
 The following appears from the allegations set forth in Count 1 of the complaint and the exhibits thereunto attached:
 
 
 28
 The defendant The Grand Lodge of the International Association of Machinists, hereinafter referred to as "I.A.M.", is an unincorporated labor organization as defined in Section 3(i) of LMRDA, having approximately 900,000 members, organized in some 2,200 local lodges throughout the United States and Canada, with its headquarters in Washington, D. C., and is affiliated with the American Federation of Labor and the Congress of Industrial Organizations (AFL-CIO). Between quadrennial conventions, as provided in the I.A.M. constitution, said organization is governed by an Executive Council, composed of individual defendants who are sued in their individual and official capacities. The Aeronautical Industrial District Lodge 727, hereinafter referred as "I.D.L.", is an unincorporated labor association organized pursuant to the laws of the State of California, with its principal office in Los Angeles, California, and is a constituent body of I.A.M. and is composed of more than 10 local lodges of which one is Local Lodge 727-M, all situate within Los Angeles County.
 
 
 29
 Other individual defendants are identified as officers, trustees, members, committee members, attorneys, or business agents of I.A.M., I.D.L. or local lodges affiliated with I.D.L., all of whom are sued in their individual and official capacities.
 
 
 30
 Named as co-conspirators but not as defendants, are named members of the I.A.M. Appeals and Grievances Committee of the 1960 I.A.M. Convention.
 
 
 31
 Appellant is a qualified journeyman plumber and a member in good standing in I.A.M., various local lodges affiliated with I.D.L., and a member of I.D.L. and of Local Lodge 727-M; that he has paid dues, has neither voluntarily withdrawn, been rightfully suspended, nor rightfully expelled from membership in accordance with the provisions of the constitutions of I.A.M., I.D.L. or of Local Lodge 727-M.
 
 
 32
 The defendants, and each of them, joined and conspired together in a common plan or scheme, unlawful in intent and purpose, to deprive, have deprived, and are continuing to deprive appellant, as a member in good standing of Local Lodge 727-M and of I.A.M., from exercising rights specified and enumerated in Section 101(a) (2) of LMRDA.
 
 
 33
 Following the death of I.D.L.'s financial secretary, an auditor was assigned by I.A.M. to conduct an audit of I.D.L.'s books and records, and said auditor reported embezzlements and defalcations of funds by certain officers of I.D.L., which report was suppressed and withheld from the members of I.D.L. and the local lodges.
 
 
 34
 Upon learning of the audit report, appellant demanded the right to examine the report; that the report be disclosed to the membership of I.D.L., and that those charged with defalcations and embezzlements in the report be disqualified from holding or seeking election to office in I.D.L.
 
 
 35
 The appellant filed charges with the proper officials of I.A.M. demanding that those charged with misdeeds in the audit report be removed from office and disqualified from seeking reelection.
 
 
 36
 Following appellant's said demands and charges, defendants wrongfully conspired to, and did, cause false and malicious charges to be filed against appellant for the purpose of expelling him from membership in the various labor organizations of which he was a member.
 
 
 37
 The trial of appellant on the false charges preferred against him deprived appellant of a full and fair hearing and denied to appellant the fundamentals of due process and denied him rights granted under Sec. 101 of the Act. Specifically, it is alleged that appellant was compelled to serve as his own counsel; that he was denied copies of the audit report; that he was denied the right to call the auditor as a witness; that he was denied copies of relevant correspondence between various defendants; that he was denied a brief continuance of the trial; that although demanded, he was refused a bill of particulars of the vague charges preferred against him; and that certain defendants, when called as witnesses by appellant, refused to testify.
 
 
 38
 Pursuant to the conspiracy, the Special Trial Committee found appellant guilty, imposed a $500.00 fine and ordered expulsion from the I.A.M. The appellant appealed the decision of the Trial Committee, pursuant to constitutional provisions of I.A.M., to the Executive Council of I.A.M., to the I.A.M. National Convention, but the fine and expulsion imposed upon appellant were sustained, and appellant has exhausted all remedies available to him for redress of his grievances within the structure of the I.A.M.
 
 
 39
 Appellant's membership in the I.A.M. has great economic and social value which is incapable of exact calculation. Appellant lost his seniority status and his position as shop steward and, by reason thereof, suffered loss of his job and wages.
 
 
 40
 Appellant has paid to the I.A.M., under protest, the $500.00 fine, and since his wrongful expulsion, has no longer been permitted to attend meetings of the I.D.L. or of his Local Lodge, nor to participate in the deliberations and votings upon the business of such meetings; and that he has been precluded from the right to meet and assemble freely with other union members, from the right to express his views, opinions and arguments at such meetings, from the right to nominate candidates, and to vote in elections affecting his Local Lodge, the I.D.L. and the I.A.M.
 
 
 41
 Appellant seeks actual and punitive damages for his injury and injunctive relief.
 
 
 42
 Appellant concedes that complete diversity of citizenship between the parties does not exist but contends that allegations of diversity of citizenship are not essential in an action predicated upon the Labor-Management Reporting and Disclosure Act of 1959. We agree with appellant's position. See Sec. 102 of the Act, supra.
 
 
 43
 We have not skeletonized all the allegations contained in Count 1, some of which relate to background and are evidentiary in character, and many of which bear upon claims set forth in the remaining counts of the complaint.
 
 
 44
 It appears from the allegations which we have summarized that:
 
 
 45
 (1) The defendant labor organizations are such within the definitions contained in Sec. 3 of the Act;
 
 
 46
 (2) Appellant is a member in good standing of a labor organization;
 
 
 47
 (3) Appellant has certain rights granted by Sec. 101 of the Act including safeguards against improper disciplinary action;
 
 
 48
 (4) Such rights have been violated and denied to appellant by the unlawful acts and conspiracy of the labor organizations and the individual defendants;
 
 
 49
 (5) Appellant has exhausted the remedies available within the structure of the labor organizations, and that the wrongs complained of remain unredressed;
 
 
 50
 (6) By reason thereof, appellant has suffered damages; and
 
 
 51
 (7) Appellant is entitled to seek redress in the District Court under Sec. 102 of the Act.
 
 
 52
 It is clear that appellant seeks recovery squarely on the ground that defendants violated provisions of Sec. 101 of the Act. It is charged that defendants conspired to do acts prohibited by the provisions of such Section and appellant alleges that defendants' conduct pursuant to the conspiracy resulted in damages to him. It was appellant's purpose to make violations of the provisions of Sec. 101 the basis of his suit.
 
 
 53
 As observed by the Supreme Court in Bell v. Hood, 327 U.S. 678 (1946), at p. 682, 66 S.Ct. 773, 90 L.Ed. 939:
 
 
 54
 "* * * For it is well settled that the failure to state a proper cause of action calls for a judgment on the merits and not for a dismissal for want of jurisdiction. Whether the complaint states a cause of action on which relief could be granted is a question of law and just as issues of fact it must be decided after and not before the court has assumed jurisdiction over the controversy. If the court does later exercise its jurisdiction to determine that the allegations in the complaint do not state a ground for relief, then dismissal of the case would be on the merits, not for want of jurisdiction. Swafford v. Templeton, 185 U. S. 487, 493, 494 [22 S.Ct. 783, 46 L. Ed. 1005]; Binderup v. Pathe Exchange, 263 U.S. 291, 305-308 [44 S. Ct. 96, 68 L.Ed. 308].[2] The previously carved out exceptions are that a suit may sometimes be dismissed for want of jurisdiction where the alleged claim under the Constitution or federal statutes clearly appears to be immaterial and made solely for the purpose of obtaining jurisdiction of where such claim is wholly insubstantial and frivolous. The accuracy of calling these dismissals jurisdictional has been questioned. The Fair v. Kohler Die [& Specialty] Co., supra, 228 U.S. [22] at 25 [33 S.Ct. 410, 57 L.Ed. 716]. But cf. Swafford v. Templeton, supra.
 
 
 55
 "2 For other cases discussing the distinction between questions going to the merits and those going to the jurisdiction, see the following: Illinois Central R. Co. v. Adams, 180 U. S. 28 [21 S.Ct. 251, 45 L.Ed. 410]; Geneva Furniture [Mfg.] Co. v. [S.] Karpen [& Bros.], 238 U.S. 254 [35 S.Ct. 788, 59 L.Ed. 1295]; and see Nashville, C. & St. L. R. Co. v. Taylor [C. C.], 86 F. 168."
 
 
 56
 The LMRDA is an exercise by Congress of its constitutional authority in the field of interstate commerce. The Act embodies a bill of rights of members of labor organizations, and for infringement of its rights, the Act provides a federal forum. See generally Detroy v. American Guild of Variety Artists et al., etc., 286 F.2d 75 (2d Cir., 1961), cert. den. 366 U.S. 929, 81 S.Ct. 1650, 6 L.Ed.2d 388; and Hughes v. Local No. 11 of International Association of Bridge, Structural and Ornamental Ironworkers, AFL-CIO, 287 F.2d 810 (3rd Cir., 1961).
 
 
 57
 The judgment of dismissal is reversed.