**Francis L. HARMON, Appellant,**

v.

**The SUPERIOR COURT OF the STATE OF CALIFORNIA, IN AND FOR the COUNTY OF LOS ANGELES; Elmer D. Doyle; Roger A. Pfaff; John J. Ford; Clement L. Shinn; Paul Vallee; Parker Wood; Stanley Mosk; Norman L. Epstein; William B. McKesson; Harold O. Pressman; Harold J. Ostly, as Clerk of the Superior Court; Peter J. Pitchess, as Los Angeles County Sheriff; Karl Holton, as Los Angeles County Probation Officer and Court Trustee; Roscoe Hollinger, as Los Angeles County Auditor; and Howard L. Byram, as Los Angeles County Treasurer, Appellees.**

**No. 17714.**

United States Court of Appeals
Ninth Circuit.

Sept. 11, 1962.

---

Lynch, Deputy County Counsel, Los Angeles, Cal., for remaining appellees.

Before CHAMBERS and DUNIWAY, Circuit Judges, and TAVARES, District Judge.

DUNIWAY, Circuit Judge.

This is the second time in recent months that we have had before us an appeal from a judgment of dismissal made by a District Judge of the Southern District of California on his own motion and before service of process upon any defendant. (See Addison v. The Grand Lodge of International Association of Machinists, 9 Cir., 1962, 300 F.2d 863). The dismissal here was by a different judge. It reads as follows:

"It appearing to the court from an inspection of the complaint that the complaint fails to state a claim over which this court has jurisdiction,

"IT IS ORDERED that the complaint be and hereby is dismissed for want of jurisdiction."

■ The District Court always has power to dismiss for lack of jurisdiction. It can do so at any time that such lack appears, and on its own motion. (See Clark v. Paul Gray, Inc., 1939, 306 U.S. 583, 588, 59 S.Ct. 744, 83 L.Ed. 1001; Rule 12(h), F.R.Civ.P., 28 U.S.C.) But it cannot dismiss for lack of jurisdiction, without giving the plaintiff an opportunity to be heard, unless such lack appears on the face of the complaint and is obviously not curable. This is not such a case.

■ The complaint asserts jurisdiction under 28 U.S.C. § 1343 and 42 U.S.C.A. §§ 1983 and 1985(2), the so-called Civil Rights Act. The named defendants are the Superior Court of California and judges of that court and of the District Court of Appeal of California, who decided a case against appellant, the District Attorney of Los Angeles County and two of his deputies and the Attorney General of California and one of his deputies, who respectively represented

Francis L. Harmon, in pro. per., for appellant.

Stanley Mosk, Atty. Gen. of Cal., and Joan D. Gross, Deputy Atty. Gen., Los Angeles, Cal., for appellees, John J. Ford, Clement L. Shinn, Paul Vallee, Parker Wood, Stanley Mosk, and Norman L. Epstein.

Harold W. Kennedy, County Counsel, County of Los Angeles, and Robert C.

the appellant's adversary in the California Superior Court and District Court of Appeal, and the sheriff, court trustee, auditor, and treasurer of Los Angeles County. The claim is that each and all of these parties, in the course of an action in the California courts, brought against plaintiff on behalf of his daughter under the Uniform Reciprocal Enforcement of Support Act of California (Cal.Code Civ.Proc. §§ 1650–1690), deprived appellant of rights guaranteed to him by the Constitution and Laws of the United States. Appellant has attempted, however imperfectly, to state a claim under acts of Congress that expressly give the District Court jurisdiction. That court then had jurisdiction. (Addison, supra; see also Russell v. United States, 9 Cir., 1962, 306 F.2d 402).

The claim may be, as appellees assert, entirely spurious. The complaint may well not state a claim upon which relief can be granted. It may be that appellant cannot amend to state such a claim. But those are not the questions before us. The court cannot know, without hearing the parties, whether it may be possible for appellant to state a claim entitling him to relief, however strongly it may incline to the belief that he cannot. As is stated in Bell v. Hood, 1946, 327 U.S. 678, 682, 66 S.Ct. 773, 776, 90 L.Ed. 939 (quoted in Addison, supra) "* * * it is well settled that the failure to state a proper cause of action calls for a judgment on the merits and not for a dismissal for want of jurisdiction. Whether the complaint states a cause of action on which relief could be granted is a question of law and just as issues of fact it must be decided after and not before the court has assumed jurisdiction over the controversy."

One Court of Appeals has held (Gutensohn v. Kansas City Southern Ry. Co., 8 Cir., 1944, 140 F.2d 950, 953) that "the district court had no jurisdiction to dismiss the case for failure to state a cause of action * * * without hearing the plaintiffs * * *." We need not go so far. If it be conceded arguendo that the court had jurisdiction to dismiss on that ground, and without a hearing, it was plain error for it to exercise that jurisdiction as it did. The right to a hearing on the merits of a claim over which the court has jurisdiction is of the essence of our judicial system, and the judge's feeling that the case is probably frivolous does not justify by-passing that right. Appellant is entitled to have process issued and served, and to be heard.

The judgment is reversed.